# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 05-2224

UNITED STATES OF AMERICA,

*Plaintiff-Appellant,*

*v.*

TRAVIS ROBINSON,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 04 CR 109—**Allen Sharp**, *Judge.*

SUBMITTED DECEMBER 5, 2005—DECIDED JANUARY 13, 2006

Before POSNER, KANNE, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* Travis Robinson pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The day he was arrested, Robinson also may have fired the gun several times while standing on his front porch. He did not admit this conduct, though—at least not in court—and the indictment did not charge it.

At sentencing, which occurred after *United States v. Booker*, 125 S. Ct. 738 (2005), the government asked the judge to find by a preponderance of the evidence that Robinson had indeed fired his gun from his front porch. Such a finding would have meant that Robinson possessed a firearm in connection with another felony—specifically,

criminal recklessness in violation of section 35-42-2-2 of the Indiana Code—and would have provided the basis for a four-level enhancement to Robinson's advisory sentencing range under the sentencing guidelines. *See* U.S.S.G. § 2K2.1(b)(5); *Booker*, 125 S. Ct. at 767 (District courts, while no longer bound by the sentencing guidelines, "must consult those Guidelines and take them into account when sentencing."). Rather than make a finding on the matter, however, the district judge denied the enhancement "in the interest of caution" because the indictment did not charge, nor did Robinson admit, that he had fired the gun. The judge calculated a guidelines range of 51-63 months and sentenced Robinson to 51 months, the low end of the advisory range. Had the judge made a finding that Robinson fired the gun and therefore possessed it in connection with another felony, the advisory guidelines range would have been 77-96 months. The government appealed the sentence.

## Discussion

The district judge offered the following explanation for his refusal to make a finding on whether Robinson fired his gun: "[I]n the post-*Booker* world, [the court] has the discretion to sentence outside the Guideline range as long as the sentence is reasonable. . . . [But] in the interest of caution, the Court is reluctant to grant a four level enhancement based on facts not charged in the indictment, proven to a jury beyond a reasonable doubt, or admitted by the defendant." That was error.

Our cases since *Booker* have explained the steps in criminal sentencing now that the sentencing guidelines are advisory. There are two: 1) calculate the appropriate advisory guidelines range; and 2) decide whether to impose a sentence within the range or outside it, by reference to the factors set forth in 18 U.S.C. § 3553(a). The first

step is no different now than it was before *Booker*. *See United States v. Cunningham*, 429 F.3d 673 (7th Cir. 2005); *United States v. Rodriguez-Alvarez*, 425 F.3d 1041, 1046 (7th Cir. 2005); *United States v. Dean*, 414 F.3d 725, 727 (7th Cir. 2005); *United States v. George*, 403 F.3d 470, 472-73 (7th Cir. 2005). District judges must resolve disputed factual issues, *see* FED. R. CRIM. P. 32(i)(3)(B); U.S.S.G. § 6A1.3(b) (2004), determine relevant conduct by a preponderance of the evidence, and apply the appropriate sentence enhancements in order to compute the advisory guidelines sentence range. *Dean,* 414 F.3d at 727.

Step two is the discretionary decision whether to sentence the defendant within the advisory range or outside it. If the judge is inclined to impose a sentence outside the advisory guidelines range, or if a sentence within the range is challenged as unreasonable, the judge must explain why the sentence imposed is appropriate in light of the statutory factors specified in § 3553(a). *Cunningham*, 429 F.3d at 675-76; *George*, 403 F.3d at 473.

We then review sentences for reasonableness. *Booker*, 125 S. Ct. at 765. Post-*Booker,* we continue to review the district court's fact-finding for clear error and its interpretation of the guidelines de novo. *United States v. Baldwin*, 414 F.3d 791, 798 (7th Cir. 2005). Sentences within a properly calculated guidelines range are presumed reasonable. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Though entitled to a presumption of reasonableness, sentences within the guidelines range that are challenged as unreasonable must be shown to conform with § 3553(a) sentencing factors. *Cunningham*, 429 F.3d at 675-76; *see also United States v. Williams*, 425 F.3d 478 (7th Cir. 2005). Those outside the range are not entitled to any presumption—they are measured for reasonableness based on their conformity with the sentencing factors of § 3553(a). *Cunningham*, 429 F.3d at 675.

When a judge does not properly calculate a guidelines sentence, our review for reasonableness is forestalled. *United States v. Bokhari*, 430 F.3d 861, Nos. 05-1302 & 05-1303, Slip op. at 3-4 (7th Cir. Dec. 6, 2005). Guidelines ranges must be determined correctly as a matter of law—that much is implicit in *Booker*'s remedial holding. After all, if sentencing judges are obliged to consider guidelines ranges, though treating them as advisory, surely they must consider properly calculated ranges, not just any guidelines range that comports with the judge's discretionary judgment. Without proper guidelines calculations, we cannot determine whether a sentence is entitled to the rebuttable presumption of reasonableness or whether we must search the district judge's reasons for sentencing outside the guidelines range.

The directive to properly calculate the advisory guidelines sentence is not only for the defendant's benefit. The government, too, has an interest in a proper calculation. We have said before, mandatory or advisory, the sentencing guidelines represent eighteen years of careful thought about appropriate sentences for federal criminal offenders. *Mykytiuk*, 415 F.3d at 607.

Here, the district judge was concerned that because the firing of the gun was not charged, admitted, or found by a jury, he would run afoul of the Sixth Amendment by finding facts. True, *Booker* holds that judges may not find facts that increase the maximum punishment and that a mandatory sentencing guidelines scheme violates that rule. But *Booker* resolved the problem by making the guidelines advisory; judicial fact-finding in sentencing is acceptable because the guidelines are now nonbinding. *Dean*, 414 F.3d at 730; *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).

In an overabundance of Sixth Amendment caution, the district judge declined to determine whether Robinson fired

his gun. By sidestepping this determination, the district judge erred as a matter of law by failing to resolve a disputed sentencing fact essential to a properly calculated guidelines range.

Accordingly, we VACATE Robinson's sentence and REMAND the case to the district judge for resentencing consistent with this opinion.

A true Copy:

     Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*