UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 28, 2006
Decided March 29, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-2406

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois |
| *v.* | No. 04-CR-10027-001 |
| BRAUNWIN BARNES, also known as  BRAUNWIN NEWBORN, *Defendant-Appellant*. | Joe Billy McDade, *Judge*. |

**O R D E R**

Braunwin Barnes was convicted of armed bank robbery, *see* 18 U.S.C. § 2113 (a), (d), after a bench trial.  The district court sentenced her within the guidelines range to a term of 87 months' imprisonment and four years' supervised release.  In addition, she was ordered to pay $8,565 in restitution, less any funds recovered by the bank.  Barnes filed a notice of appeal, but her appointed counsel has moved to withdraw because he is unable to find a nonfrivolous basis for appeal.  *Anders v. California*, 386 U.S. 738 (1967).  Barnes did not respond to our invitation under Circuit Rule 51(b) to explain why she believes her appeal has merit, so we review only the potential issues identified in counsel's facially adequate brief.  *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).

Counsel first considers whether Barnes might argue that the district court erred in denying her motion for judgment of acquittal under Federal Rule of Criminal Procedure 29(a). Granting such a motion is appropriate only if there is insufficient evidence to sustain the conviction. *United States v. Hausmann*, 345 F.3d 952, 955 (7th Cir. 2003). We agree with counsel that an appeal on this ground would be frivolous. Barnes argued at trial that no direct evidence, or eyewitness testimony, linked her to the robbery, but there was abundant circumstantial evidence to support the district court's finding that she aided and abetted the crime by driving the getaway car. *See United States v. Smith*, 415 F.3d 682, 689 (7th Cir. 2005) (noting that driver of getaway car may be treated as principal in robbery). A witness testified that the robber sped away in the passenger seat of Barnes's car, and that the driver was someone roughly matching her description. According to an investigator, Barnes claimed to be the only one who had driven her car on the day of the robbery. Moreover, a search of her home turned up a black bag similar to that carried by the robber and currency wrappers of the sort used by the bank. One of the wrappers bore Barnes's fingerprint. And the bag contained more than $3,000 in cash—which included bills identified by the bank as "bait money."

Counsel then considers arguing that the district court erred in the calculation of her sentence. Although now advisory, the guidelines still must be properly calculated. *United States v. Robinson*, 435 F.3d 699, 701 (7th Cir. 2006); *United States v. Carter*, 410 F.3d 942, 954 (7th Cir. 2005). We review the district court's findings of fact for clear error. *Robinson*, 435 F.3d at 701; *United States v. Blaylock*, 413 F.3d 616, 618 (7th Cir. 2005). Counsel questions whether the court appropriately applied a five-level upward adjustment for use of a gun during the robbery. *See* U.S.S.G. § 2B3.1(b)(2)(c). Because there was uncontroverted testimony from two tellers that the robber brandished a gun, we agree with counsel that the district court did not clearly err. We do not know that Barnes herself ever touched the gun, but she was properly held accountable for its use because the brandishment was conduct relevant to the robbery within the meaning of U.S.S.G. § 1B1.3(a)(1)(A), which defines relevant conduct as "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant." *See United States v. Wallace*, 212 F.3d 1000, 1005 (7th Cir. 2000) (holding that use of gun was attributable to defendant who aided and abetted armed robbery but never personally carried gun).

Counsel next considers whether Barnes might argue that the district court erred in denying her a downward adjustment for acceptance of responsibility. This argument is frivolous because a defendant who requires the government to prove her factual guilt at trial is ordinarily ineligible to receive the reduction. *See* U.S.S.G. § 3E1.1 cmt., n.2; *United States v. Williams*, 202 F.3d 959, 962 (7th Cir. 2000). The purpose of the reduction is to reward defendants who plead guilty, and thus save the government the time and expense of trial, or who are genuinely contrite, because this implies a lesser risk of recidivism. *United States v. Woodard*,

408 F.3d 396, 397 (7th Cir. 2005).  Barnes neither pleaded guilty nor displayed contrition.

Finally, counsel considers whether Barnes might argue that her sentence was unreasonable in the context of the factors listed in 18 U.S.C. § 3553(a).  *See United States v. Booker*, 543 U.S. 220, 261-62 (2005); *United States v. Jordan*, 435 F.3d 693, 696 (7th Cir. 2006); *United States v. Vaughn*, 433 F.3d 917, 924 (7th Cir. 2006).  We agree with counsel that appeal on this ground would be frivolous.  Because Barnes's sentence is within the recommended guidelines range, it is presumptively reasonable, *see United States v. Williams*, 436 F.3d 767, 768 (7th Cir. 2006); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).  The district court did not support its determination with detailed findings, but it need not do so.  It is enough if we can tell from the record that the relevant factors were considered.  *United States v. Brock*, 433 F.3d 931, 933-34 (7th Cir. 2006); *United States v. Williams*, 425 F.3d 478, 480 (7th Cir. 2005).  It is clear from the sentencing transcript that the district court considered Barnes's history and characteristics.  *See* 18 U.S.C. 3553(a)(1).  The court heard testimony from her mother that she was "under the influence" of the robber (her boyfriend), and from a minister who said that she was one of his best friends and described a number of public service projects she had been involved in.  The court concluded that the sentence it imposed was necessary in light of the need for consistent sentencing of defendants with similar records who have been found guilty of similar conduct.  *See* 18 U.S.C. 3553(a)(6).

Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.