

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-19-2006

# USA v. Vasquez

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2462

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Vasquez" (2006). *2006 Decisions.* Paper 1247.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1247

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2462

UNITED STATES OF AMERICA,

Appellant,

v.

ROLANDO VASQUEZ

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 04-cr-00084)
District Judge: Honorable William J. Martini

Submitted Under Third Circuit LAR 34.1(a)
March 7, 2006

Before: RENDELL and AMBRO, Circuit Judges,
and SHAPIRO,[*] District Judge

(Opinion filed April 19, 2006)

OPINION

SHAPIRO, District Judge.

_____

[*] Honorable Norma L. Shapiro, Senior District Judge for the Eastern District of
Pennsylvania, sitting by designation.

Rolando Vasquez was found guilty of filing a false claim with the Internal Revenue Service ("IRS") and aiding in the filing of a false income tax return. The Government appeals his sentence of 16 months' imprisonment. We vacate the sentence and remand.

## I. Factual Background and Procedural History

Rolando Vasquez, a tax preparer in Jersey City, New Jersey, used his tax preparation business to defraud the IRS. The fraud took two forms: first, Vasquez, using the social security numbers and identities of unknowing Puerto Rican residents to create false W-2 forms and false tax returns, then claimed refunds on their behalf and deposited the refund checks in bank accounts he controlled; second, Vasquez inflated tax refunds of his actual tax preparation clients by fabricating deductions, without the knowledge of the individual taxpayers, to increase his business volume (by establishing Vasquez's reputation as someone who could obtain large tax refunds). The scheme apparently had the desired effect, as Vasquez prepared nine times as many tax returns in 2002 as he did in 1995; the refunded amounts were correspondingly larger. The IRS audited 849 of the 13,164 tax returns Vasquez prepared for 2001 and 2002; filing those returns alone caused a tax loss to the government of over two and one-half million dollars.

A jury convicted Vasquez of four counts of filing a false claim with the IRS in violation of 18 U.S.C. § 287 (Counts 1-4) and eight counts of aiding in filing a false income tax return, in violation of 26 U.S.C. § 7206(2) (Counts 5-12). The Indictment

alleged a tax loss of $19,961, attributable to Counts 1-4; no specific amount of loss was attributed to Counts 5-12.

Vasquez's sentencing took place after the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). Prior to sentencing, the Government presented the Probation Office with evidence of many more fraudulent returns as "relevant conduct" for sentencing under U.S.S.G. § 1B1.3.[1] With regard to Counts 1-4, the Government presented evidence of 52 additional false claims filed on behalf of Puerto Rican residents as proof of a tax loss of approximately $260,000; with regard to Counts 5-12, it presented evidence of over 800 additional inflated tax returns as proof of a tax loss of over $2.7 million. These losses raised the Sentencing Guidelines offense level for Counts 1-4 to 18 (from six) and for Counts 5-12 to 24 (also from six). Taking into account the loss amounts and other sentence enhancing factors proffered by the Government, the Presentence Report calculated the offense level at 26; with a criminal history category of I, the Sentencing Guidelines range was 63 to 78 months' incarceration.

By letter to the District Court, Vasquez argued the sentence should be based on the guidelines offense level only for the loss figure alleged in the Indictment, because judicial fact-finding in support of a Sentencing Guidelines increase violated his Sixth

---

[1] U.S.S.G. § 1B1.3(a) requires sentencing courts to consider as relevant conduct "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense."

3

Amendment right to a jury trial under *Booker*. The offense level for the loss amount proven at trial was only 12, with a guidelines range of 10 to 16 months. The Government argued the continued appropriateness of judicial fact-finding at sentencing. The district judge accepted certain sentence enhancing factors alleged by the Government,[2] but excluded the Government's evidence of additional losses because he believed a sentence based on losses not proven at trial was unconstitutional under *Booker*. Considering only the "losses . . . reflected in the Indictment which the jury found the Defendant guilty on" (less than $20,000), the district judge sentenced Vasquez to 16 months' imprisonment. The Government timely appealed.

## II. Discussion

The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 (review of final orders) and 28 U.S.C. § 3742(b) (appeal of sentence by the Government).

We review the questions of law *de novo, United States v. Hendricks*, 395 F.3d 173, 176 (3d Cir. 2005), and the sentence for reasonableness. *United States v. Cooper*, 437 F.3d 324, 326-27 (3d Cir. 2006).

The issues before the Court are: whether the sentencing judge erred in refusing to

---

[2]  The judge found that Vasquez was in the business of preparing and assisting in the preparation of income tax returns and used a special skill in committing the false claims fraud. Additionally, the judge accepted the Government's evidence that Vasquez was still preparing tax returns while released on bond, although he had told the Probation Office the contrary, but refused to accept proof the returns were fraudulent.

consider the Government's evidence of tax loss; and whether the resulting sentence was reasonable.

The sentencing judge refused to consider any evidence of tax loss beyond that alleged in the Indictment because a hearing before a judge to consider the Government's additional evidence would be "exactly the type of situation that the [Supreme Court in *Booker*] said would not satisfy the Sixth Amendment, versus a hearing before a jury or a plea of guilty to a specific amount of money." J.A. at 58.

In *Booker*, the Supreme Court held the mandatory enhancement of a sentence under the Sentencing Guidelines, based on facts (other than prior convictions) not admitted by the defendant or found by a jury, violates the Sixth Amendment. *Booker*, 543 U.S. 220, 244 (2005). It remedied this constitutional infirmity by making the Sentencing Guidelines "effectively advisory." *Id.* at 245. After *Booker*, the sentencing procedure includes two steps. *United States v. Robinson*, 435 F.3d 699, 700-701 (7th Cir. 2006). The first step is to calculate the correct guideline range just as before. *See Cooper*, 437 F.3d at 330 ("as before *Booker*, the standard of proof under the guidelines for sentencing facts continues to be preponderance of the evidence"); *United States v. Miller*, 417 F.3d 358, 363 (3d Cir. 2005) ("the District Court is free to engage in precisely the same exercise in judicial fact finding as it did [before *Booker*], so long as such fact finding is consistent with *Booker*"). In the second step, a judge must consider the statutory factors listed in 28 U.S.C. § 3553(a) to determine whether to sentence within the advisory

5

guidelines range.  Because *Booker* did not change the manner in which the correct guidelines range is calculated, but only the weight of the correctly calculated range in the final determination of the appropriate sentence, the district judge erred in holding that it was improper to consider evidence relevant to sentencing.

Vasquez contends that even if the sentencing judge erred in failing to consider the additional evidence of tax loss, the sentence should not be vacated because it is reasonable.  To determine if the court acted reasonably in imposing a sentence, we must first be satisfied the court exercised its discretion by giving meaningful consideration to the relevant factors under 18 U.S.C. § 3553(a).  Meaningful consideration of the § 3553(a) factors necessarily includes the correct calculation of the applicable guideline range.  18 U.S.C. § 3553(a)(4).  *See Booker*, 543 U.S. at 224 ("district courts must consult the Guidelines and take them into account when sentencing"); *Cooper*, 437 F.3d at 329 ("[i]n consideration of the § 3553(a) factors, a trial court must calculate the correct guidelines range applicable to a defendant's particular circumstances").

The district judge did not give meaningful consideration to the § 3553(a) factors because he refused to consider tax loss evidence that, if found probative, would have resulted in a significantly higher offense level and guideline sentencing range.  *See Robinson*, 435 F.3d at 702 ("[b]y sidestepping [the] determination [of the sentencing facts alleged by the Government], the district judge erred as a matter of law by failing to resolve a disputed sentencing fact essential to a properly calculated guidelines range").

6

Under *Booker*, a trial judge is not obligated to sentence within the applicable guidelines range, but is obligated to consider the correct range as one of the § 3553(a) factors. A judge cannot reasonably impose the same sentence regardless of the correct advisory range any more than the judge could reasonably impose the same sentence regardless of the seriousness of the offense. *United States v. Duhon*, No. 05-30387, --- F.3d ----*, 2006 WL 367017 (5th Cir. Feb. 17, 2006), at *4.

On remand, the district judge should consider the evidence proffered by the Government, correctly calculate the applicable guidelines range, and impose a sentence upon consideration of all the § 3553(a) factors.

### III. Conclusion

The sentencing judge erred in failing to consider the Government's evidence of relevant conduct. We vacate the judgment of sentence and remand for resentencing in accordance with this opinion.