**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued May 4, 2006
Decided May 30, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-2939

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin |
| *v.* | No. 04 CR190 |
| BALDEMAR PAYAN, *Defendant-Appellant.* | J. P. Stadtmueller, *Judge.* |

## O R D E R

Baldemar Payan pleaded guilty, pursuant to a written agreement, to conspiring to distribute more than 50 grams of crack cocaine, 5 kilograms or more of cocaine, and marijuana, 21 U.S.C. §§ 846, 841.  The district court sentenced him to 235 months' imprisonment, five years' supervised release, and ordered him to pay a $1,000 fine and a $100 special assessment.  Payan appeals, arguing that the district court erred by applying a leader/organizer enhancement to his guidelines calculation.  We affirm.

Payan stated in his plea agreement that he and an associate, Adolf Alvarez, operated a cocaine, crack cocaine, and marijuana distribution business in

Wisconsin.  They paid three individuals to receive Federal Express packages containing cocaine from Texas, drive drug-laden trucks from Texas, and travel via Greyhound bus with drugs strapped to their bodies.  Payan enlisted a fourth individual to process the powdered cocaine into crack cocaine.

The conspiracy began to unravel when two of Payan's couriers, Thadeus Bartoszuk and Danielle Druktenis, were arrested for possessing crack cocaine.  The couriers, cooperating with officials, declined a request by Payan to transport cocaine from Texas to Wisconsin, forcing Payan, Alvarez, and their girlfriends to travel to Texas themselves.  Before leaving, Alvarez delivered 5 pounds of marijuana to the couriers, who surrendered the drugs to officials.  A subsequent controlled delivery of the marijuana led to the arrest of Payan and Alvarez.

The district court accepted Payan's plea agreement.  In a presentence report, a Probation Officer argued Payan should receive a leader/organizer enhancement under U.S.S.G. § 3B1.1 because he "recruited at least five individuals to transport the cocaine and 'cook' the cocaine into crack cocaine."  The report recommended that the court sentence Payan based on an overall offense level of 35 and a criminal history level of IV, yielding a sentencing range of 235 to 293 months' imprisonment.  Payan conceded at sentencing that "we understand how [the sentencing calculations] were arrived at and believe that they are accurately calculated within the context of the guidelines.  But, of course, do not agree that that should control sentencing."  Notably, Payan's counsel explicitly abandoned any specific challenge to the sentencing calculation—including the leader/organizer enhancement—and instead chose to seek leniency by attacking the reasonableness of the sentence:

> You know, there's a factual, legal basis for the recommended basis in the guidelines.  Mr. Payan and I could perhaps ineffectively quibble about, you know, the double, triple counting of his prior offense.  But, of course, that's allowed.  We could quibble about the number of points somebody gets for being a little more of a director, a little less of a director of an enterprise.  But the bottom line is that looking at the prospect of 293 months in jail seems to me to be excessive.

The court, though, rejected leniency and sentenced Payan to 235 months, the bottom of his guidelines range.

Here, Payan argues that the district court erred when it applied the four-level leader/organizer enhancement.[1]  He begins with the assertion that, based on

---

[1] Payan's brief also includes an undeveloped argument that his sentence is

(continued...)

his plea agreement, he expected a "maximum exposure of a little more than fifteen-and-a-half years." Thus, he argues, his sentence of almost 20 years "should have required the Government to present evidence that proved beyond a reasonable doubt that the Defendant was a leader/organizer in the drug conspiracy—a factor to which he did not plead guilty or stipulate."

We review a sentencing court's factual findings for clear error and its application of those facts to the guidelines *de novo*. *See United States v. Arnaout*, 431 F.3d 994, 998 (7th Cir. 2005); *United States v. Turner*, 400 F.3d 491, 500 (7th Cir. 2005). Payan, however, waived any challenge to the district court's decision to apply the leader/organizer enhancement. *See United States v. Sensmeier*, 361 F.3d 982, 986-87 (7th Cir. 2004). In the district court, counsel conceded that Payan's guideline range was properly calculated and explicitly acknowledged that the leader/organizer enhancement could be a basis for a sentencing challenge. Rather than pursue that argument, however, counsel challenged only the reasonableness of the sentence. Thus, there was a clear waiver and the issue is foreclosed on appeal.

Payan argues that we should look past his waiver because he was sentenced shortly after the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220 (2005). Even if the uncertainty following *Booker* caused counsel to forfeit, rather than waive, particular guidelines arguments in favor of a general attack on the reasonableness of Payan's sentence, Payan's arguments fail on the merits. Payan first argues that the district court erred by not holding an evidentiary hearing. But he complains only that the facts in the plea agreement did not support the enhancement. An evidentiary hearing is necessary only to resolve disputes of material fact, *see United States v. Villegas*, 388 F.3d 317, 324 (7th Cir. 2004), which Payan does not allege. Payan next argues that the government should have been required to prove beyond a reasonable doubt that he was a leader/organizer. But we have, even after *Booker*, repeatedly observed that sentencing factors are decided by a preponderance of the evidence. *See, e.g., United States v. Garcia*, 439 F.3d 363, 369 (7th Cir. 2006); *United States v. Robinson*, 435 F.3d 699, 701 (7th Cir. 2006).

---

[1](...continued)

unreasonable because the district court did not consider the factors described in 18 U.S.C. § 3553(a). Beyond asserting that the court should have considered his "involvement in the offense, his personal history, need for treatment, and criminal history," Payan does not describe the factors as they pertain to him or how they should have affected his sentence. Thus the argument, which is not even presented in the brief's summary of the argument section, is waived. *See Weinstein v. Schwartz*, 422 F.3d 476, 477 n.1 (7th Cir. 2005); *United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003) (enforcing waiver in criminal context).

Finally, though the argument is undeveloped and thus waived, *see United States v. Holm*, 326 F.3d at 877 (waiver of undeveloped arguments "is true even in the criminal context"); *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) (same), we observe that Payan's sentence is reasonable. The district court sentenced him to 235 months' imprisonment, at the bottom of his guideline range. That sentence is presumptively reasonable, *see United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), and Payan does not point to any 18 U.S.C. § 3553(a) factor to undermine that presumption. At argument he generally asserted that the district court erred by not thoroughly discussing the reasonableness of his sentence, but the court properly calculated his guideline range (which Payan conceded), recognized that the guidelines were advisory, considered his plea for leniency, and ultimately concluded that the need to deter drug crime justified the sentence suggested by the guidelines. The court's discussion does not give Payan any basis to challenge the reasonableness of his sentence.

AFFIRMED.