NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued and Submitted February 22, 2007
Decided March 26, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

Nos. 06-2326 & 06-2434

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  *Plaintiff-Appellee,*<br><br>  *v.*<br><br>ALFREDO LONGORIA and<br>LEONEL DURAN,<br>  *Defendants-Appellants.* | Appeals from the United States District<br>Court for the Northern District of Illinois,<br>Eastern Division.<br><br>Nos. 01 CR 1115-3 & 01 CR 1115-6<br><br>Milton I. Shadur,<br>*Judge.* |

**O R D E R**

Alfredo Longoria and Leonel Duran were indicted in 2002 on multiple counts of operating a PCP-distribution conspiracy that operated throughout the Chicagoland area. *See* 18 U.S.C. §§ 924(c), 2; 21 U.S.C. §§ 846, 841(a)(1). A jury convicted Longoria of the counts alleged against him; Duran, on the other hand, pleaded guilty. Both men received sentences within the calculated guidelines ranges: Longoria was sentenced to life imprisonment and Duran received 360 months. They appealed, arguing that the district court applied their guidelines ranges as mandatory in violation of *United States v. Booker*, 543 U.S. 220 (2005). We agreed and, because only plain-error review was available, remanded the cases under *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005), to allow the district court to state whether it would have imposed the same sentences had it known that the guidelines were advisory. *See United States v. Longoria & Duran,*

Nos. 03-1454 & 03-2615, slip. op. at 3-4 (7th Cir. June 20, 2005) (unpublished order). After the district court replied that it was "uncertain," *see United States v. Longoria & Duran*, No. 01 CR 1115, slip. op. at 1-2 (N.D. Ill. July 21, 2005) (unpublished order), we concluded that plain error had been established, vacated Longoria's and Duran's sentences, and remanded the case for resentencing, *see United States v. Longoria & Duran*, 143 F. App'x 715, 716 (7th Cir. 2005) (unpublished order). The district court then held separate resentencing hearings and imposed sentences below its earlier guidelines-range calculations: Longoria was sentenced to 50 years imprisonment, and Duran received 300 months.

Both men filed notices of appeal to challenge their new sentences, but Duran's appointed counsel moves to withdraw under *Anders v. California*, 386 U.S. 738, 744-45 (1967). We affirm Longoria's sentence. We also grant Duran's counsel's motion and dismiss Duran's appeal.

We first address Longoria's appeal. Since he raises three challenges to his 50-year sentence that he failed to raise at the resentencing hearing, our review is for plain error. *See United States v. White*, 443 F.3d 582, 592 (7th Cir. 2006).

First, Longoria argues that the district court erred by allowing the government to present at resentencing the testimony of Longoria's coconspirator, Miguel Perez, who recounted how Longoria shot him twice. According to Longoria, the government was barred from introducing Perez's testimony because it did not "raise [the shooting] at his first sentencing hearing." Moreover, Longoria continues, the district court "exceeded the scope" of our mandate by allowing Perez to testify because his case was remanded under *Paladino*, which meant that the parties were prohibited from "expanding the record with new evidence."

Longoria's arguments misrepresent the procedural history of his case. Contrary to his assertion, the shooting of Perez was not "new" evidence; the government raised it in the sentencing memorandum it submitted to the district court before the first sentencing hearing. The presentence report ("PSR") prepared before the first hearing also referenced the shooting, and by adopting the probation officer's findings in the PSR, the district court relied on the shooting to calculate Longoria's guidelines range. Moreover, Longoria's resentencing did not occur on the limited *Paladino* remand but at full resentencing. *See Longoria*, 143 F. App'x at 716. Thus, the district court was free to consider *de novo* any open issues related to sentencing. *See United States v. Angle*, No. 05-2486, 2007 U.S. App. LEXIS 2350, at 12-14 (7th Cir. Jan. 25, 2007); *United States v. Polland*, 56 F.3d 776, 779 (7th Cir. 1995). That included Perez's testimony, which spoke directly to the 18 U.S.C. § 3553(a) sentencing factors: it revealed Longoria's violent character and criminal history as a "very, very serious drug dealer," *see* 18 U.S.C. § 3553(a)(1), as well as the seriousness of his "attempted murder" of Perez, *see id.* § 3553(a)(2)(A).

Therefore, the government was not barred from introducing Perez's testimony, nor did the district court exceed our mandate by allowing Perez to testify.  *See Angle*, 2007 U.S. App. LEXIS 2350, at *12-14; *Polland*, 56 F.3d at 779; *see also Monge v. California*, 524 U.S. 721, 730-34 (1998).

Longoria next argues that the government engaged in vindictive prosecution by raising the shooting for the first time on remand.  As relevant here, prosecution is vindictive when it is pursued in retaliation for challenging a sentence on appeal, and a presumption of vindictiveness arises when the government seeks a higher sentence after a defendant succeeds in obtaining a reversal.  *See United States v. Cooper*, 461 F.3d 850, 856 (7th Cir. 2006); *see also North Carolina v. Pearce*, 395 U.S. 711, 725 (1969).  But again Longoria incorrectly asserts that the government did not address the shooting at the first sentencing hearing--it did.  And because the government did not seek a higher sentence on remand--it asked the district court to reimpose Longoria's life sentence--Longoria's claim of vindictive prosecution fails.

Finally, Longoria argues that his 50-year sentence is unconstitutional.  He contends that the district court violated the Supreme Court's holding in *Cunningham v. California*, 127 S. Ct. 856 (2007), by making a PCP-quantity determination that increased his guidelines range.  But this argument ignores the remedial opinion in *Booker,* in which the Court held that judicial factual findings that raise a guidelines range do not violate the Sixth Amendment as long as the sentencing court recognizes that the range is advisory.  *See* 543 U.S. at 246-49; *United States v. Owens*, 441 F.3d 486, 490 (7th Cir. 2006); *United States v. Robinson*, 435 F.3d 699, 701-02 (7th Cir. 2006).  Longoria cannot show that the district court considered the guidelines range of life imprisonment to be mandatory because it sentenced him below that range.  Therefore, his Sixth Amendment challenge fails.  *See Owens*, 441 F.3d at 490; *Robinson*, 435 F.3d at 701-02.

Longoria goes on to argue that, in any event, his sentence is unreasonable.  But "[i]t is hard to conceive of below-range sentences that would be unreasonably high," *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005); *see also United States v. Gama-Gonzalez*, 469 F.3d 1109, 1111 (7th Cir. 2006), and the district court's application of the § 3553(a) factors shows that Longoria's sentence is no exception.  At resentencing, the district court heard from the government regarding the seriousness of Longoria's crimes, his shooting of Perez, and his substantial criminal history.  Longoria then addressed the court to state that he shot Perez only in self-defense.  He also asked for leniency so he can have "a second chance" to be with his family and stated that he "learned [his] lesson" while imprisoned.  The court considered all these arguments in light of the § 3553(a) factors, examining, in particular, whether the "nature and circumstances" of Longoria's offense warranted a life sentence, *see* 18 U.S.C. § 3553(a)(1), and whether the sentence would "reflect[ ] the seriousness of the offense" and "promote respect for the law," *see id.*

§ 3553(a)(2).  The court concluded that although the reimposition of a life sentence was certainly warranted, the "imposition of a very long term of [50] years . . . would meet the test of being sufficient but not greater than necessary."  The court was not required to apply the § 3553(a) factors in a "checklist fashion," *see United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005), and it did not ignore Longoria's arguments for a lower sentence, *see Cunningham*, 429 F.3d at 676, 678.  Longoria's sentence thus is reasonable.

We turn now to Duran's appointed counsel's motion to withdraw.  Counsel claims that he cannot discern a nonfrivolous basis for appeal, *see Anders*, 386 U.S. at 744-45, a conclusion that Duran challenges in his response to counsel's submission, *see* Cir. R. 51(b).  Our examination is confined to those potential issues identified in counsel's facially adequate brief and Duran's response.  *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (*per curiam*).

Counsel first examines whether Duran could argue that the district court violated his Sixth Amendment rights by finding facts that increased his total offense level, and concludes that it would be frivolous for Duran to so argue.  Duran, however, disagrees with this conclusion.  He contends that the district court's finding that the conspiracy involved 10 to 30 kilograms of PCP impermissibly raised his total offense level because he admitted only that "1.2 kilograms" were involved.  Duran also argues that because he never admitted to being a leader of the drug conspiracy, the district court was wrong to raise his offense level on that ground.

It would be frivolous for Duran to mount a Sixth Amendment challenge to the district court's findings.  A sentencing court is allowed to raise an offense level based on facts not admitted by the defendant (or otherwise proven beyond a reasonable doubt) as long as the court recognizes that the resulting guidelines range is advisory.  *See Owens*, 441 F.3d at 490; *Robinson*, 435 F.3d at 701-02.  And Duran cannot show that the district court applied the guidelines in a mandatory manner because his 300-month sentence was 60 months below the guidelines range.

Counsel next inquires whether Duran could argue that the district court erred by not reducing his criminal history category on the basis that it over-represented the seriousness of his past crimes.  More generally, counsel considers whether Duran could argue that the district court erred by refusing to recalculate the guidelines range on the ground that the calculation was the law of the case.

We would review *de novo* whether an issue is law of the case.  *See Moore v. Anderson*, 222 F.3d 280, 283 (7th Cir. 2000).  The law-of-the-case doctrine requires a district court to confine its discussion to the issues remanded, *see United States v. Morris*, 259 F.3d 894, 898 (7th Cir. 2001), and bars the district court from addressing issues that could have been raised on appeal, but were not, *see United*

*States v. Husband*, 312 F.3d 247, 251 n.4 (7th Cir. 2002). Duran did not argue on his first appeal that the district court erred by not granting a downward adjustment to account for his criminal history, nor did he otherwise challenge the guidelines range calculation. Because we did not address the issues on Duran's first appeal, *see Longoria*, Nos. 03-1454, slip. op. at 1-4, we did not include them in our remand, *see Husband*, 312 F.3d at 251 n.4; *Morris*, 259 F.3d at 898. Duran's guidelines calculation was accordingly the law of the case, *see Husband*, 312 F.3d at 251 n.4, and it would be frivolous for him to argue that the court should have recalculated it.

Finally, counsel considers whether Duran could argue that the district court failed to consider the § 3553(a) sentencing factors adequately. At resentencing the court heard the government describe the seriousness of Duran's crimes and his substantial criminal history; Duran himself addressed the court, expressing remorse for his actions and explaining that his crimes were the result of having been "taken in" as a child "by an unlawful environment." The court then methodically considered Duran's case in light of *each* § 3553(a) factor, paying close attention to whether a sentence within the guidelines range would be "sufficient but not greater than necessary," 18 U.S.C. § 3553(a), while also serving as an "adequate deterrent to criminal conduct," *id.* § 3553(a)(2)(B). Based on this examination, the court concluded that a sentence below the guidelines range would satisfy the § 3553(a) factors, and imposed a 300-month sentence. Given the court's thorough examination, *see, e.g.*, *Dean*, 414 F.3d at 729, it would be frivolous for Duran to argue that the district failed to apply the § 3553(a) factors properly.

We accordingly AFFIRM Longoria's 50-year sentence. We also GRANT Duran's counsel's motion to withdraw, and DISMISS Duran's appeal.