NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 25, 2007
Decided April 26, 2007

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-3337

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois |
| *v.* | |
| | No. 05 CR 30068 |
| BETTY PULLEY, also known as BETTY DAVIS, *Defendant-Appellant*. | Jeanne E. Scott, *Judge.* |

### O R D E R

Betty Pulley pleaded guilty to one count of distributing crack cocaine. *See* 21 U.S.C. § 841(a)(1). The district court calculated a total offense level of 31 and a criminal history category of VI, which yielded a guidelines imprisonment range of 188 to 235 months. In light of Pulley's cooperation, *see* U.S.S.G. § 5K1.1, the government recommended that the district court impose a sentence twenty percent below the minimum. In choosing a sentence the district court acknowledged Pulley's lack of guidance as a child and her struggles with drug addiction and low self-esteem. The district court then adopted the government's recommendation of a

twenty-percent reduction and imposed a term of 150 months. The court reasoned that a term of that length recognized the substantial assistance Pulley provided the government while also punishing her appropriately and, hopefully, ensuring that she would receive the guidance, vocational training, and drug rehabilitation she needs. Pulley now appeals, but her attorney moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because she cannot discern any nonfrivolous grounds for appeal. We invited Pulley to respond to counsel's motion, *see* Cir. R. 51(b), but she has not done so. Our review is limited to the points discussed in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

In her supporting brief, counsel first considers whether Pulley might challenge the voluntariness of her guilty plea. Pulley told counsel that she wants her plea vacated, so it was appropriate for counsel to explore this potential issue. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002). Still, because Pulley did not move to withdraw her guilty plea in the district court, we would review only for plain error. *Schuh*, 289 F.3d at 974.

To ensure that guilty pleas are voluntary, Rule 11 of the Federal Rules of Criminal Procedure requires that a district court satisfy itself that the defendant understands a panoply of rights before accepting his guilty plea. Fed. R. Crim. P. 11(c); *United States v. Blalock*, 321 F.3d 686, 688-89 (7th Cir. 2003). We assess the validity of a Rule 11 colloquy based on the totality of the circumstances, including the complexity of the charge; the defendant's age, level of education, and intelligence; whether the defendant was represented by counsel; and the inquiry conducted by the district judge. *See Blalock*, 321 F.3d at 688–89. The court here engaged in a thorough Rule 11 colloquy with Pulley. The court determined that Pulley was competent to plead guilty, that she was aware of the charge and potential penalties, and that she understood the rights she was giving up by entering a guilty plea. The court also assured itself that there was a factual basis for the charge. We thus agree with counsel that the court substantially complied with Rule 11, *see Schuh*, 289 F.3d at 974, and thus any challenge to the voluntariness of Pulley's guilty plea would be frivolous.

Counsel also considers arguing that Pulley's prison sentence is unreasonable. We measure a sentence for reasonableness based on its conformity with the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Robinson*, 435 F.3d 699, 701-02 (7th Cir. 2006). Here, the district court properly calculated the guidelines imprisonment range, considered the arguments of the parties and the relevant § 3553(a) factors, and imposed a sentence that was 38 months below the guidelines range. There is nothing in the record to suggest the court acted unreasonably in not dipping even further below the range, particularly when her counsel conceded at sentencing that 151 months would be an "appropriate

sentence." As we have said before, "[i]t is hard to conceive of below-range sentences that would be unreasonably high." *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005). Pulley's sentence is no exception.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.