NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Argued February 29, 2008
Decided July 9, 2008

*Before*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 07-3314

| | |
|---|---|
| UNITED STATES OF AMERICA, | ] Appeal from the United |
| | ] States District Court for |
| *Plaintiff-Appellee,* | ] the Southern District of |
| | ] Illinois |
| | ] |
| v. | ] No. 06 CR 30160 |
| | ] |
| | ] |
| JASON SHANE MOSES, | ] |
| | ] **David R. Herndon,** |
| *Defendant-Appellant.* | ] *Chief Judge.* |

*O R D E R*

Jason Shane Moses pled guilty to armed bank robbery in violation of 18 U.S.C. §

2113(a), 2113(d) and 2, and to use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1) and (2). Moses acknowledged that in conjunction with his co-defendants, he used a fake bomb and a gun to rob the U.S. Bank in Alton. Moses first displayed the fake bomb in order to force compliance with his demands, and later brandished the firearm to ensure cooperation. After collecting $ 68, 122.00, the co-defendants fled from the bank in different directions, which the court found to present a particularly dangerous situation.

On appeal, Moses contests his sentence, arguing that the district court, in calculating the Guidelines range, improperly "double-counted" in applying a four-level enhancement under U.S.S.G. § 2B3.1(b)(2)(D) for the use of the fake bomb. Section 2B3.1(b)(2)(D) provides for a four-level enhancement if a dangerous weapon was used, and Moses does not contest that the enhancement applies even if the weapon was fake. Instead, Moses asserts that Application Note 4 to U.S.S.G. § 2K2.4 precluded the enhancement because he was convicted under 18 U.S.C. § 924(c) for using a firearm during the same robbery.

Application Note 4 provides:

If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under 1.3 (Relevant Conduct)....

Moses argues that Application Note 4 prohibits a specific offense characteristic for the use of any explosives or firearms when a defendant is convicted under 18 U.S.C. § 924(c). Moses pled guilty to use of a firearm during a bank robbery under § 924(c).

The district court recognized that Application Note 4 was intended to prevent double-counting, as where multiple firearms are used and a court imposes a sentence under § 924(c) for use of one and then enhances the sentence for use of the other. The court nevertheless imposed the enhancement here because the use of the explosive was distinct from that of the firearm, and presented a different situation from that in which a

defendant merely displayed two guns.  Moses first showed the bomb and directed behavior using the bomb, and only later, with a declaration that he was going to prove he was serious, displayed the firearm and used that to ensure compliance.  The court held that it was not double counting to account for that distinct conduct.

That determination is consistent with *United States v. White*, 222 F.3d 363, 375-76 (7th Cir. 2000) and *United States v. Katalinic*, 510 F.3d 744 (7th Cir. 2007).  In *White*, we addressed a nearly identical claim, holding that it was not error to both impose an enhancement for the use of a fake bomb and impose a sentence under § 924(c) for use of a gun during the same robbery.  We rejected the claim that the sentence constituted impermissible double-counting.  The *White* court noted that the § 924(c)(1)(A) prohibition on the use of a gun to commit a crime is a separate offense from the § 924(c)(1)(B)(ii) prohibition on the use of a bomb to commit a crime, with a five year minimum sentence for the former and a thirty year sentence for the latter.  222 F.3d at 375, *citing Castillo v. United States*, 530 U.S. 120 (2000).  As in *White*, Moses was convicted under § 924(c) for conduct involving the firearm.  We held in *White* that although an enhancement for the use of two guns would be impermissible, it is not double-counting to enhance his sentence under the Guidelines for the distinct conduct regarding the bomb.  *Id.* at 375-76.  Although Application Note 4 has been amended since *White*, we have since  reaffirmed that Application Note 4 prevents an enhancement for the same weapon and same conduct underlying the § 924(c) conviction, but does not prohibit an increase in the sentence if the offense level increase and the mandatory § 924(c) sentence were imposed for different underlying conduct.  *Katalinic*, 510 F.3d at 747 (noting the consistency with *White*).

Ultimately, our resolution of that issue would not have mattered in the sentence here, because the district court relied in the alternative on 18 U.S.C. § 3553 in increasing the sentence to account for the use of the fake bomb.  The court explicitly stated that even if it was wrong in its interpretation of that enhancement provision, it would increase the sentence as part of its obligation to determine a reasonable sentence in light of the Guidelines and the § 3553 factors.  The district court in its § 3553 analysis indicated that it would increase the sentence to account for the increased danger posed by the fake bomb and the nature of the weapons' use.  Moses does not argue that the court could not consider that under § 3553, but asserts that the § 3553 analysis is flawed because it was based on an improper Guidelines calculation.  *See United States v. Robinson*, 435 F.3d 699, 700-01 (7th Cir. 2006) (court must first calculate the appropriate advisory Guidelines range and then decide on the proper sentence considering the §

3553 factors). But the district court made clear that it was assuming that the enhancement would not apply, thus assuming an initial Guidelines point that did not include that increase, and stated that it would still give that sentence based upon its application of the § 3553 factors. There is no indication that the § 3553 analysis was otherwise improper, and Moses raises no other challenges to his sentence. Accordingly, the sentence is AFFIRMED.