**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michael L. MORRIS, Defendant–Appellant.**

**No. 99–1956.**

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 1, 1999.

Decided Feb. 22, 2000.

---

Thomas P. Schneider (submitted), Office of the U.S. Atty., Milwaukee, WI, for Plaintiff–Appellee.

Michael L. Morris, Butner, NC, pro se.

Before EASTERBROOK, RIPPLE, and DIANE P. WOOD, Circuit Judges.

EASTERBROOK, Circuit Judge.

When he was 44 years old, Michael Morris enticed a 14–year–old girl to enter into a sexual relationship with him, showering her with promises and presents. Morris pleaded guilty to two counts of traveling across state lines (from Indiana, through Illinois, to Wisconsin) for the purpose of engaging in a sexual act with a juvenile. 18 U.S.C. § 2423(b). He was sentenced to 36 months' imprisonment. Section 2A3.2 of the Sentencing Guidelines, which the district judge concluded is most appropriate to Morris's crimes, prescribes a base offense level of 15 for criminal sexual abuse of a minor. The judge added 2 levels for multiple counts and deducted 3 for acceptance of responsibility, producing a final offense level of 14. For a first offender (which Morris is) the level 14 sentencing range is 15 to 21 months' imprisonment. But the district court added 5 levels, imposing a sentence in the range of 30–37 months for offense level 19. Morris contends that departure took him by surprise and that he is entitled to a new sentencing hearing at which he can respond more effectively to this possibility.

Application notes to § 2A3.2 say that an upward departure may be appropriate if the defendant either committed the sexual act in furtherance of a commercial scheme (such as prostitution or the production of pornography) or has a prior conviction for similar sexual conduct. Neither is true of Morris. The district judge nonetheless thought departure appropriate, for several reasons. One is that § 2423(b) makes it a crime to travel across state borders for the *purpose* of engaging in sexual acts; it is possible to violate this statute by travel plus purpose without engaging in any sexual acts. Morris and the girl engaged in sexual intercourse at least six times, and the judge thought that this made his offense significantly more serious. Whether this justifies a departure is open to question, however, for § 2A3.2 covers statutory rape. Punishment for at least one sexual act thus is included in the Guideline, even though not in the statute—though perhaps additional sexual acts justify additional punishment. The district judge also observed that documents seized from Morris's apartment in Indiana imply that he seduced at least one other juvenile; this led the judge to characterize him as a sexual predator. The judge also observed that Morris took pictures of the girls, used email and Internet chat rooms to entice them, and sometimes did not wear condoms during intercourse. Nothing in the record suggests that Morris has a disease that can be transmitted by sexual contact, but the risk of pregnancy and its complications remained. Compare *United States v. Shannon*, 110 F.3d 382 (7th Cir.1997) (en banc) (sexual intercourse with a girl

under 14 is a "crime of violence"), with *United States v. Thomas*, 159 F.3d 296 (7th Cir.1998) (sexual intercourse with a girl of 16 is not a "crime of violence" because the risks are lower). Taking pictures of undressed adolescents, transporting such pictures across state lines, and using computers to lure juveniles to assignations, all are federal crimes. 18 U.S.C. §§ 2252(a), 2252A(a), 2422(b). These differences between Morris's deeds and a simple violation of § 2423(b), coupled with his additional but uncharged crimes, justify a significantly higher sentence, the district court concluded. The five extra levels just about doubled the sentencing range, and Morris contends that the increase is excessive even if some departure is appropriate.

Before the date of sentencing, neither the prosecutor nor the district judge suggested that an upward departure was under contemplation. This is the foundation of Morris's argument—for *Burns v. United States*, 501 U.S. 129, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991), holds that notice is essential to any sentence above the norm. When Morris's lawyer protested at sentencing about the surprise, and his consequent unpreparedness to meet with evidence or argument the possibility of departure, the district judge did not identify anything that should have put Morris on guard. Instead the judge remarked that counsel's lack of preparation was irrelevant because "I don't think any argument would have persuaded the Court any different than what its—what its conclusion was and is."

■ The United States does not defend the view that notice was unnecessary because the judge had made up his mind in advance. Instead the prosecutor submits that notice came from two sources: the presentence report and the prosecutor's comments at sentencing. We discount the latter, for a recommendation *at* the hearing does not fulfil the requirement of warning *in advance of* the hearing. As for the presentence report: the Probation De-

partment neither recommended a departure (¶ 119 of the report disclaimed any recommendation) nor highlighted facts that might support one. But ¶ 120 of the report did say:

> Pursuant to U.S.S.G. § 5K2.0, the Sentencing Court may impose a sentence outside the range established by the applicable guidelines if the Court finds that there exists an aggravating or mitigating circumstance of a kind or to a degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described. Pursuant to U.S.S.G. § 4A1.3 (e), if reliable information indicates that prior similar adult criminal conduct, not resulting in a criminal conviction, exists, the Court could consider an upward departure as the criminal history category does not adequately reflect the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes.

This looks for all the world like boilerplate from a word processor's glossary. It is generic and could apply to every criminal case. *Burns* requires more than this. Otherwise one might as well say that the Guidelines Manual itself notifies defendants about the possibility of departure, and have done with it.

■ *Burns* stated that the "notice must specifically identify the ground on which the district court is contemplating an upward departure." 501 U.S. at 138–39 (footnote omitted). Paragraph 120 does not identify either facts or rationale with specificity. "In the ordinary case, the presentence report or the Government's own recommendation will notify the defendant that an upward departure will be at issue and of the facts that allegedly support such a departure." *Id.* at 135, 111 S.Ct. 2182 (footnote omitted). Our opinions since *Burns* reiterate that the notice must refer not only to the rationale for departure but also to the facts that support this theory of departure. See, e.g., *United*

*States v. Ewing*, 129 F.3d 430, 436–37 (7th Cir.1997) ("a presentence report listing specific factors that may warrant an upward departure provides adequate notice"); *United States v. Johnson*, 53 F.3d 831, 834 (7th Cir.1995) ("The PSR cited the appropriate Guidelines section, it detailed the exact grounds for the departure, and it referred to facts to support the grounds").

The only decision of this court that offers any support for a belief that a generic reference such as ¶ 120 may be adequate is *United States v. De Angelo*, 167 F.3d 1167, 1169 (7th Cir.1999). In that case the district court concluded that the defendant's criminal history category did not reflect the seriousness of his prior crimes. All the panel said when affirming this decision was: "The PSR noted that departure may be warranted under U.S.S.G. § 4A1.3. When the PSR specifically mentions that departure may be warranted under a specific guideline, the notice is adequate. *See United States v. Ewing*, 129 F.3d 430, 436–37 (7th Cir.1997)." This passage might be read to say that all the presentence report need do is mention a Guideline by number, without making a recommendation or adverting to the facts that would justify departure. But we doubt that this is what the panel meant: after all, it relied on *Ewing*, which entailed more concrete notice, and did not suggest that it was changing the law of the circuit. We know from *Burns* that the notice must be specific, and it is best to read an ambiguous opinion as compatible rather than at odds with a decision of the Supreme Court.

Because Morris did not receive notice from any source that an upward departure would be considered, he must be resentenced. In light of the remarks at Morris's sentencing, Circuit Rule 36 will apply on remand. The court should consider whether Morris's circumstances are unlike those of other persons covered by § 2A3.2. See *Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). If the court again elects to depart, it should carefully consider the extent of departure.

Morris contends that a five-level addition transgresses the principle that a departure based on uncharged criminal conduct may not exceed the sentence that would have been appropriate had the defendant been convicted of that conduct. See *United States v. Ferra*, 900 F.2d 1057, 1062–63 (7th Cir.1990). The prosecutor replies that, because the juvenile was under 16 years old, analogy to U.S.S.G. § 2G1.1(b)(2) implies a base offense level of 21, and carrying the pictures across state lines might warrant an adjustment to level 27 under § 2G2.1. We do not pursue this subject except to say that it deserves attention by the district court.

Before returning the case to the district court, we need to tie up a loose end. Lew A. Wasserman represented Morris in the district court by appointment under the Criminal Justice Act and briefed the appeal on his behalf. More than a month after the briefing had been completed (and only three weeks before the date set for oral argument), Morris sought to file a supplemental *pro se* brief. This was rejected by an order noting that a defendant represented by counsel must communicate only through counsel. Responding to this order, Morris sought to have Wasserman dismissed and a new lawyer appointed— presumably a lawyer who would brief all of the issues Morris wanted addressed. Because briefing had been completed, this was far too late. But the court did permit Morris to dismiss Wasserman, so that Morris could file his supplemental brief. The case was then submitted for decision without oral argument.

 In retrospect, this order was mistaken, for two reasons. First, although a defendant is constitutionally entitled to represent himself at trial in order to speak directly to those who will determine his fate, matters are otherwise on appeal. Courts may, and generally should, ensure that defendants enjoy legal representation even if the appellant would prefer to act on his own behalf. *Martinez v. California Court of Appeal*, — U.S. ——, 120 S.Ct.

684, 145 L.Ed.3d 597 (2000). Had *Martinez* been issued before we responded to Morris's request, we would have been inclined to deny his motion outright. Second, it is likely that Morris did not want to represent himself. Instead he preferred a more compliant lawyer. He was not entitled to pick and choose among appointed lawyers, see *Morris v. Slappy*, 461 U.S. 1, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983), but may not have understood this. Had we made it clear to Morris that no lawyer would be appointed to replace Wasserman, perhaps Morris would have withdrawn his request.

■ Happily, Morris was not adversely affected by our misstep. He did not receive the benefit of counsel's oral argument, but we found his lawyer's written argument persuasive. Wasserman will be reappointed, providing Morris with the benefit of counsel on remand. And we have reviewed Morris's *pro se* filing, so he has had the best of both worlds. Morris contends that the district judge erred by failing to suppress statements made to the FBI, and evidence that he maintains was located by using this improperly obtained information. But Morris pleaded guilty unconditionally, so all contentions other than those related to sentencing have been waived. *United States v. Galbraith*, 200 F.3d 1006, 1010 (7th Cir.2000). Attorney Wasserman's reluctance to brief these points is understandable. Morris's objections to his fine and term of supervised release are insubstantial, and his "notice of intent to withdraw guilty plea" has no bearing on any issue before this court. He did not seek such relief in the district court, and his contention that the prosecution has not kept its part of the bargain is unsupported. For example, Morris contends that the United States "agreed to return all seized property" (presumably including the child pornography) and "to move me immediately after entering the plea to MCC Chicago" yet has done neither. But the written plea agreement does not contain any promise along these lines. If some terms of the agreement are subject to specific performance, Morris is free to request appropriate relief in the district court.

VACATED AND REMANDED.