In the
United States Court of Appeals
For the Seventh Circuit

No. 00-2803

United States of America,

Plaintiff-Appellee,

v.

Michael L. Morris,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 98 CR 213--Charles N. Clevert, Judge.

Argued May 8, 2001--Decided August 13, 2001

  Before Bauer, Posner, and Coffey, Circuit
Judges.

  Bauer, Circuit Judge.  Michael Morris
comes before the court a second time
seeking to withdraw his guilty plea and
asking the court to strike from his
sentence a district court order that he
may not contact the victim of his crime
or her immediate family while he is in
prison. We remand Morris's request to
withdraw his guilty plea and affirm the
no-contact order.

I.  Background

  Because this is Morris's second appeal,
we outline the necessary (and somewhat
unusual) case history, but leave
interested readers to find further
discussion in United States v. Morris,
204 F.3d 776 (7th Cir. 2000). On the
advice of Lew Wasserman, his attorney,
Morris pled guilty to two counts of
traveling in interstate commerce with the
intent to engage in a sexual act with a
juvenile in violation of 18 U.S.C. sec.
2423(b). Morris claims to have signed the
plea agreement relying on misinformation
Wasserman provided him about its effect.
Specifically, Morris recalls assurances
from Wasserman that the guilty plea would
not waive his ability to appeal the
admissibility of evidence the police
found based on information they obtained

from Morris after he invoked his right to counsel. The written plea agreement did not expressly preserve this ground. The district judge accepted Morris's guilty plea and, for reasons not relevant to this appeal, sua sponte and without notice to Morris imposed a five-level upward departure.

Wasserman appealed the sentence enhancement but made no mention of the evidentiary issue or the withdrawal of Morris's guilty plea. After Wasserman filed the appellate brief, Morris petitioned the court to file a pro se supplemental brief. We allowed Morris to dismiss Wasserman as his attorney and to address the court directly. Morris argued cursorily in the brief that he should be permitted to withdraw his guilty plea because Wasserman provided ineffective assistance in part by misrepresenting the ramifications of the guilty plea.

When we decided this appeal, we reconsidered the wisdom of allowing Morris to dismiss his counsel and to file a pro se brief. To avoid prejudice to Morris, we considered both his and Wasserman's arguments. Wasserman's brief persuaded us to remand the case to a different district judge for the limited purpose of reconsidering the five-level upward departure. We reappointed Wasserman to represent Morris on remand. We did not address Morris's motion to withdraw his guilty plea, stating that it had "no bearing on any issue before this court." Morris, 204 F.3d at 780. Accordingly, we did not discuss any of the ways in which Morris claimed that Wasserman rendered ineffective assistance.

On remand, Wasserman successfully argued the sentencing issue. He did not move to withdraw Morris's guilty plea, and Morris again filed a pro se motion to that effect. Morris reiterated that he should be allowed to withdraw his plea because Wasserman provided ineffective assistance. This time, however, Morris fleshed out his theory and argued that his guilty plea was not knowing and intelligent because Wasserman misinformed him about the effect the plea would have on his right to appeal. The judge admonished Morris to communicate with the court only through Wasserman, but decided to consider Morris's motion anyway

because Wasserman could not, without an inherent conflict of interest, argue that due to his misrepresentations, Morris's guilty plea was not knowing and intelligent. Although he recognized the conflict of interest, the judge took no steps to explore or alleviate it because he believed that Morris's motion to withdraw the guilty plea was not properly before him. At the re-sentencing hearing, the judge found that Morris's motion to withdraw the guilty plea was outside the scope of the remand and that he therefore lacked jurisdiction to rule on it. But, for the sake of thoroughness, he addressed it, explaining to Morris that the motion was futile because (1) the plain language of the plea agreement did not preserve the appeal, (2) Morris told the original district judge under oath that no one made promises to him not contained in the plea agreement to induce him to plead guilty, and (3) the judge believed that Morris fabricated Wasserman's purported ineffective assistance.

Also at the re-sentencing hearing, the prosecution presented evidence that while imprisoned, Morris persisted in contacting his victim by calling her home, asking his friends to relay messages to her, and writing her a letter. The court heard testimony from the victim's mother, step-father, and grandmother concerning how the crime itself and Morris's repeated attempts to contact the victim affected her. In response, the district court imposed a condition on Morris's sentence; namely, that he avoid all contact with his victim and her family while he was in prison. This condition applied both to Morris's federal sentence and to his consecutive seven-year state sentence.

II. Discussion

A. Ineffective Assistance of Counsel

Morris claims that he was denied effective assistance of counsel on remand when he attempted to withdraw his guilty plea and requests that we remand the issue so he can have the benefit of effective assistance. The government argues that the effective assistance argument is irrelevant because the withdrawal of Morris's guilty plea was not properly before the district court on

remand.

When the district court addresses a case on remand, the "law of the case" generally requires it to confine its discussion to the issues remanded. See United States v. Story, 137 F.3d 518, 520 (7th Cir. 1998) ("Generally, under the law of the case doctrine, 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.'") (citations omitted); see also United States v. Thomas, 11 F.3d 732, 736 (7th Cir. 1993). But see United States v. Buckley, 251 F.3d, 668, 669-70 (7th Cir. 2001) (stating that courts retain strictly limited discretion to revisit previously decided issues in some special circumstances); United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (listing special circumstances). The law of the case doctrine, however, applies only to issues that have been resolved, generally leaving a district judge free to address issues that the appellate court left undecided. See Moore v. Anderson, 222 F.3d 280, 283 (7th Cir. 2000); Aramony, 166 F.3d at 661. This power must be construed in harmony with our familiar exhortation that parties cannot use the accident of remand as an opportunity to reopen waived issues. See United States v. Jackson, 186 F.3d 836, 838 (7th Cir. 1999) (citations omitted). Therefore, on remand and in the absence of special circumstances, a district court may address only (1) the issues remanded, (2) issues arising for the first time on remand, or (3) issues that were timely raised before the district and/or appellate courts but which remain undecided.

The withdrawal of the guilty plea argument clearly does not fit into either of the first two categories. The closer question is whether Morris's motion to withdraw his guilty plea could be categorized as a timely raised issue that the appellate court did not decide. The Federal Rules of Appellate Procedure specify that an adequately briefed argument must "contain an argument consisting of more than a generalized assertion of error, with citations to supporting authority." Anderson v. Hardman, 241 F.3d 544, 545 (7th Cir. 2001) (citations omitted); see Fed. R. App. P. 28(a)(9). We construe pro se appeals

liberally, but we will not hesitate to dismiss them if they are not adequately presented. See, e.g., Anderson, 241 F.3d at 545.

During his initial appeal, Morris petitioned to withdraw his plea agreement based on his perception that Wasserman rendered ineffective assistance by "misrepresent[ing] the guilty plea and the ramifications thereof." Morris's brief is very cursory and he provides no legal support for his position, therefore coming exceptionally close to meriting a dismissal for failure to comply with Federal Rule of Appellate Procedure 28(a)(9). However, we are able to understand Morris's argument that his guilty plea was not knowing and intelligent and we conclude that Morris has saved this argument from being considered waived./1 See, e.g., Smith v. Town of Eaton, Indiana, 910 F.2d 1469, 1471 (7th Cir. 1990) (holding that a pro se appellant's brief was adequate because the court was able to "glean, albeit faintly--the basic facts and general lines of argument from the briefs and record . . . ."); McCottrell v. E.E.O.C., 726 F.2d 350, 351 (7th Cir. 1984) (declining to dismiss a pro se brief which, "though woefully inadequate, sets forth a discernible, albeit unsupported, argument."). Because we have held that Morris preserved the argument and as we did not address it during Morris's first appeal, it falls within the third category of issues the district court may properly address on remand.

We now consider whether Morris suffered the effects of ineffective assistance of counsel in his attempt to withdraw his guilty plea. Morris argues that there was a conflict of interest between Wasserman's motivation to protect himself from a malpractice claim and Morris's position that, when he pled guilty, he relied on Wasserman's false assurances that the plea would not impact his ability to appeal an evidentiary issue. On remand, the district judge forced Morris to choose between representing himself pro se or allowing Wasserman to make the withdrawal of guilty plea argument, and Morris claims this deprived him of effective assistance of counsel. To determine whether Wasserman rendered ineffective assistance, we consider whether his performance was outside the

range of professional, competent assistance and if so whether it prejudiced the legal outcome of the case. See United States v. Strickland, 466 U.S. 688, 690-91 (1984). Morris can demonstrate a conflict of interest in one of two ways. First, if the trial judge was unaware of the conflict of interest, Morris may prevail if he can show that the conflict adversely affected Wasserman's performance. See Lipson v. United States, 233 F.3d 942, 945 (7th Cir. 2000). Second, Morris may prevail if the district judge knew a potential conflict of interest existed, but made no inquiry into it. See id.

Morris has shown that an actual conflict of interest existed under the second test. Wasserman would seem to have a self-interest in protecting himself from a malpractice claim. However, Morris's argument was predicated on Wasserman's purportedly false advice. The judge was aware of this potential conflict. When the judge agreed to hear Morris's motion to set aside the guilty plea for a hearing he stated:

[O]rdinarily, [a motion to set aside a guilty plea] should be filed through defense counsel. However, Morris's motion is predicated, among other things, on a number of alleged failings by his counsel in connection with his plea agreement. Because counsel would have an obvious conflict of interest in filing such a motion, that motion shall be addressed . . . .

However, the judge did not inquire into or remedy the conflict. At the hearing, Morris requested different counsel, but the judge refused to appoint one or to allow Morris time to find a new lawyer. Morris was forced against his wishes to choose between allowing Wasserman to speak for him or arguing the motion pro se. In situations such as Morris's, courts have presumed prejudice. See United States v. Ellison, 798 F.2d 1102, 1107-08 (7th Cir. 1986) (finding prejudice due to an actual conflict of interest that occurred when counsel was not able to pursue his client's best interest free from concern about potential self-incrimination); Lopez v. Scully, 58 F.3d 38, 41 (2d Cir. 1995) (presuming prejudice when arguing in favor of his client's motion to withdraw

his guilty plea would force the attorney to admit a serious ethical breach and subject him to liability for malpractice). We hold that Morris has demonstrated a possible denial of effective assistance of counsel, and we therefore remand this case for a hearing to establish whether Morris should be allowed to withdraw his guilty plea on the basis that Wasserman falsely led him to believe that the plea would not waive his ability to appeal the admissibility of evidence issue. In light of this disposition, we do not address Morris's argument that the judge abused his discretion by denying Morris's motion to withdraw his guilty plea.

### B. No-Contact Order

Morris last contends that the district court overstepped its sentencing authority when it conditioned his sentence with the no-contact order. The district court lacks the authority to impose a sentence that is not specifically authorized by statute. See United States v. Sotelo, 94 F.3d 1037, 1040 (7th Cir. 1996) (citations omitted). The statute under which Morris pled guilty, 18 U.S.C. sec. 2423(b), empowers judges to impose imprisonment for not more than 15 years and/or a fine. Neither party nor our own research has led us to any statutory authority that empowers the court to impose a no-contact order as part of a sentence for traveling in interstate commerce with the intent to engage in a sex act with a minor.

However, our inquiry does not stop with the sentencing provision. The court possesses broad powers to "protect the administration of justice from 'abuses, oppression and injustice.'" Wheeler v. United States, 640 F.2d 1116, 1123 (9th Cir. 1981). The government asks us to use this power to protect a potential witness, Morris's child victim, by upholding the condition on Morris's sentence. The power to protect the administration of justice "must be exercised with circumspection. It may be invoked only when . . . the defendant's conduct presents . . . significant interference with the [administration of justice]." Id. at 1124 (quoting Bitter v. United States, 398 U.S. 15, 16 (1967)). We proceed with caution.

Cases in which courts use their inherent power to issue no-contact orders are rare and the factual situation before us is particularly unusual. We can find only one circuit case where a court used a no-contact order to protect a witness after the defendant had been adjudicated guilty. See Wheeler, 640 F.2d at 1123-25; see also United States v. Sotelo, 94 F.3d at 1040-41 (declaring that the court had no power to prohibit an imprisoned defendant from communicating with the general public, but expressly stating that the question of whether the court had the power to prohibit the defendant from contacting his victim was not before the court). In Wheeler, after the trial was over, the district court applied a no-contact order to protect a witness against a defendant who threatened to call the witness's family and employer to reveal discrediting information about her. See Wheeler, 640 F.2d at 1118. The no-contact order prohibited the defendant from contacting 10 individuals. See id. Although it remanded the case on other grounds, the Ninth Circuit held that the district court's power to protect the administration of justice, which justified protecting witnesses and jurors before and during trial, also authorized courts to use no-contact order to protect witnesses after the close of trial. See id. at 1123-24 ("By protecting the witness after trial, the court is encouraging that witness, and other potential witnesses, to come forward and provide information helpful to the implementation of justice.").

The facts in our case are slightly different. The defendant was adjudicated guilty without a trial, so his victim did not testify. Nevertheless, because Morris is endeavoring to withdraw his guilty plea, a future trial is possible and the victim would be a most important witness for the prosecution. Morris has perpetuated his harmful influence in the victim's life by persistently contacting her indirectly by relaying messages through his friends, and directly bytelephone and a letter. The purpose of all Morris's communications has been to prolong his presence in the victim's life and to insistently communicate his desire to have an intimate relationship with her in the future, the very type of contact for which he was incarcerated. The victim is particularly vulnerable because she is

a child. The purpose of the no-contact restriction is not to punish Morris, but to protect his victim and her family from further harassment, and reduce the possibility of creating a reluctant witness. We emphasize that the use of no-contact orders must be reserved for rare and compelling circumstances, and we find such circumstances in this case. The district judge properly exercised his power to protect the administration of justice in granting a no-contact order.

We REMAND this matter so that the district court may determine after a hearing whether or not Morris's guilty plea was based on erroneuos advice by Wasserman that the evidentiary ruling was appealable by Morris after the plea agreement and, if so, whether Morris should be allowed to withdraw his plea and stand trial. We AFFIRM the district court's no-contact order.

FOOTNOTE

/1 Lest we be seen as contradicting our holding in United States v. Elizalde-Adame, No. 01-1058, slip op. (7th Cir. August 13, 2001) we hasten to distinguish the two. Most issues must be raised before the district court or they will be considered waived. However, petitions to withdraw plea agreements are one of the few exceptions to this rule. Defendants such as Morris may properly make such motions for the first time on appeal without waiving the issue. See Fed. R. Crim. App. 32(e). In contrast to Morris, Elizalde-Adame appealed the denial of her motion to suppress evidence, despite her unconditional guilty plea and raised other new arguments in her reply brief which we predictably refused to address. She did not move to withdraw her plea.