**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

June 1, 2007

Before

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Nos. 03-1322, 03-1323 & 03-1477

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff- Appellee,* | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 01 CR 543 |
| SEDGWICK JOHNSON, KALONJI MCMILLIAN, and RAYMOND COOPER, *Defendants-Appellants.* | James F. Holderman, *Chief Judge*. |

**O R D E R**

After concluding that the convictions of Sedgwick Johnson, Kalonji McMillian, and Raymond Cooper should be affirmed, we ordered a limited remand so that the district court could determine whether the sentence remained appropriate after *United States v. Booker*, 125 S. Ct. 738 (2005), relegated the United States Sentencing Guidelines to advisory status. *See United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005).

The district court judge has replied that it would impose the same sentence, even knowing that the Guidelines are not mandatory. Therefore, "we will affirm the

original sentence against [the] plain error challenge provided the sentence is reasonable, the standard of review prescribed by *Booker*, 125 S. Ct. at 765." *Paladino*, 401 F.3d at 484.

Although the Supreme Court granted certiorari in *Rita v. United States*, No. 05-4674, 2006 WL 1144508 (May 4, 2006), *cert granted* 127 S. Ct. 551 (2006), to determine whether it is consistent with *Booker* to accord a presumption of reasonableness to within-Guidelines sentences, the presumption of reasonableness accorded to such sentences reflects the current state of the law in our circuit. *See United States v. Gama-Gonzales*, 469 F.3d 1109, 1110-11 (7th Cir. 2006); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Here, each appellant received a sentence within the now-advisory Guidelines range. As a career offender, Johnson's range was 360 months to life, and the district court sentenced him to 360 months. The range applicable to McMillian was 188 to 235 months, and the district court sentenced him to 204 months. For Cooper, the sentencing range was 324 to 405 months, and he received a sentence of 360 months.

The appellants raise several arguments in response to the district court's statement that it would reimpose the same sentences. First, the appellants contend that the government failed to prove that the cocaine base in this case was actually crack. It is true that "not all cocaine base is crack." *United States v. Edwards*, 397 F.3d 570, 571 (7th Cir. 2005). In our circuit, for purposes of the mandatory minimum sentence in 28 U.S.C. § 841(b)(1)(A)(iii), the term "cocaine base" refers to cocaine base that constitutes crack. *Id.* at 577. The appellants, however, did not raise this argument at the time of the initial sentencing or on direct appeal. By failing to raise this challenge at the time of their initial sentencing or on direct appeal, the appellants lost the opportunity to bring it now, and they cannot use our limited remand as a vehicle to do so. *See United States v. Morris*, 249 F.3d 894, 898 (7th Cir. 2001) ("[P]arties cannot use the accident of a remand to reopen waived issues."); *see also United States v. Duncan*, 427 F.3d 464, 465 (7th Cir. 2005) (only question on a *Paladino* limited remand is whether district court would have imposed the same sentence knowing the Guidelines are advisory). Similarly, Johnson's argument that the district court should not have examined the Presentence Investigation Report when it determined that he was a career offender does not entitle him to relief. Johnson did not raise this argument at the initial sentencing or on direct appeal, and he is precluded from bringing it now. *See Morris*, 249 F.3d at 898.

Next, Johnson and McMillian maintain that their sentences are unreasonable because the Guidelines punish offenses involving crack cocaine more severely than those involving powder cocaine. We have previously rejected this argument, and it does not succeed under our circuit's case law. *United States v. Miller*, 450 F.3d 270,

275 (7th Cir. 2006); *United States v. Gipson*, 425 F.3d 335, 337 (7th Cir. 2005). McMillian also takes issue with the drug quantities attributable to him. In a special verdict, the jury found that McMillian was responsible for more than 500 grams of powder cocaine and more than 50 grams of crack cocaine. McMillian maintains that the district court impermissibly found at sentencing that McMillian was responsible for more than one kilogram of powder cocaine and one kilogram of crack cocaine, as he contends that conclusion is at odds with the jury's determination. But the jury's special verdict form indicated that it found McMillian responsible for "more than" 500 grams of powder cocaine and "more than" 50 grams of crack cocaine, so the district court's conclusion that McMillian was responsible for a higher quantity is not inconsistent with the jury's determination. Moreover, we have repeatedly rejected arguments that *Booker* precludes a judge from making factual findings at sentencing that have the effect of increasing a Guidelines range. *See, e.g., United States v. Harrison*, 431 F.3d 1007, 1014 (7th Cir. 2005). McMillian also maintains that the district court should have undertaken on remand a comparative analysis of the sentence it initially imposed and the sentence it would have imposed under an advisory Guidelines scheme. We find, however, that the district court met its obligation with respect to each of the defendants. The district court evaluated each defendant's sentence in light of the factors listed in 28 U.S.C. § 3553(a) and ultimately concluded that it would reimpose the same sentence if called to resentence. No more was required. *See United States v. Dean*, 414 F.3d 725, 728-29 (7th Cir. 2005).

Accordingly, the judgment of the district court is AFFIRMED.