**F I L E D**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

ESTATE OF KENNETH MICHAEL
TRENTADUE; CARMEN AGUILAR
TRENTADUE; WILMA LOU TRENTADUE;
ESTATE OF JESSE JAMES TRENTADUE;
DONNA TRENTADUE SWEENEY; LEE
FREDERICK TRENTADUE; and JESSE
CARL TRENTADUE,

     Plaintiffs-Appellees,

v.

UNITED STATES OF AMERICA;
DEPARTMENT OF JUSTICE; FEDERAL
BUREAU OF PRISONS; and FEDERAL
BUREAU OF INVESTIGATION,

     Defendants-Appellants.
_____

ESTATE OF KENNETH MICHAEL
TRENTADUE,

     Plaintiff,

CARMEN AGUILAR TRENTADUE; WILMA
LOU TRENTADUE; ESTATE OF JESSE
JAMES TRENTADUE; DONNA
TRENTADUE SWEENEY; LEE FREDERICK
TRENTADUE; and JESSE CARL
TRENTADUE,

     Plaintiffs - Cross-Appellants,

v.

Nos. 05-6406
& 06-6011
(D.C. No. CIV 97-849-L)
(W. Dist. Okla.)

UNITED STATES OF AMERICA;
DEPARTMENT OF JUSTICE; FEDERAL
BUREAU OF PRISONS; and FEDERAL
BUREAU OF INVESTIGATION,

Defendants - Cross-Appellees.

## ORDER AND JUDGMENT[*]

Before **HARTZ**, **SEYMOUR**, and **O'BRIEN**, Circuit Judges.

The United States appeals the district court's decision on remand finding that family members (the Family) of Kenneth Trentadue suffered severe emotional distress and reinstating an award of $1.1 million in damages under the Federal Tort Claims Act (FTCA) for intentional infliction of emotional distress. The Family cross-appeals the district court's denial of their request to move for dismissal of a collateral claim without prejudice. We remand to the district court for further findings as to the fourth prong of the test for intentional infliction of emotional distress, and we affirm the district court's denial of the Family's Motion for Dismissal Without Prejudice of Jesse C. Trentadue's Severed Claim of Emotional Distress Based Upon the United States' Efforts to Indict Him.

This litigation originates as a result of the unfortunate death of Kenneth

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Trentadue while in federal custody in Oklahoma. The parties and the district court are fully aware of the factual predicate of this case, *see Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840 (10th Cir. 2005) (*Trentadue I*). In short, relatives of Mr. Trentadue brought a claim for intentional infliction of emotional distress under the FTCA. The district court evaluated the claim pursuant to Oklahoma state tort law. To prove intentional infliction of emotional distress in Oklahoma, the plaintiff must demonstrate that "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the emotional distress was severe." *Id.* at 855-56. The district court found Mr. Trentadue's wife, mother, father, sister, and brothers satisfied all four requirements and awarded damages to each family member.[1]

The government appealed to this court, contending the Family failed to satisfy any of the elements of intentional infliction of emotional distress. We concluded the family members "proved the first, second, and third elements of the tort of emotional distress, intentional or reckless conduct, outrageousness, and causation." *Id.* at 857. "However, because the district court did not make explicit findings as to the severity of each individual plaintiff's emotional distress," we were unable to determine whether the fourth element was met. *Id.* at 857-8.

---

[1]The district court awarded Mr. Trentadue's wife $250,000, his mother, sister, and two brothers $200,000 each, and his father's estate $50,000.

Accordingly, we "vacate[d] the FTCA judgment in favor of the plaintiffs and remand[ed] for additional findings on whether the emotional distress suffered by each plaintiff was severe under Oklahoma law." *Id.*

On remand, the district court summarily found the fourth prong had been met and reinstated the damage awards. Specifically, the court concluded

> [u]nder Oklahoma law . . . the emotional distress suffered by each plaintiff was severe. Based upon the evidence presented at trial, including the testimony of the plaintiffs, the court finds that each plaintiff satisfied the fourth element of the tort of intentional infliction of emotional distress which requires proof that the plaintiff's emotional distress was so severe that no reasonable person could be expected to endure it. In making this finding, the court has also considered the intensity and duration of the distress suffered by plaintiffs . . . [and] the extreme and outrageous character of the defendant's conduct [as] important evidence that the distress existed.

App., Vol. III at 754-55. The government appeals this remand order, asserting the district court failed to follow our mandate to make "explicit findings as to the severity of each individual plaintiff's emotional distress." *Trentadue I*, 397 F.3d at 857-58. Further, they assert that, as a matter of law, the family members cannot meet the severity element of intentional infliction under Oklahoma law.

Our "mandate consists of our instructions to the district court at the conclusion of the opinion, and the entire opinion that preceded those instructions." *Proctor & Gamble Co., v. Haugen*, 317 F.3d 1121, 1126 (10th Cir. 2003). In reviewing the district court's application of our mandate, "we consider whether the court abused the limited discretion that our mandate left to it." *Id.* at

-4-

1125.  "To decide whether the district court violated the mandate, it is necessary to examine the mandate and then look at what the district court did."  *Hicks v. Gates Rubber Co.*, 928 F.2d 966, 969 (10th Cir. 1991).

In *Trentadue I*, we clearly mandated the district court to provide greater evidentiary support for its conclusion that *each individual plaintiff's* distress was severe under Oklahoma law.  We sought an expanded discussion of the severity prong because we were "unable to determine from the district court's [first] order whether the fourth element of the tort ha[d] been met."  *Trentadue I*, 397 F.3d at 858.  This mandate was intended to elicit an individualized severity analysis for the differently situated plaintiffs.  *See id.* at 857-58 ("[B]ecause the district court did not make *explicit findings* as to the severity of *each individual plaintiff's* emotional distress, we are unable to determine whether the fourth element of the tort has been met." (emphasis added)); *id.* at 858 ("remand[ing] for additional findings on whether the emotional distress suffered by *each plaintiff* was severe under Oklahoma law" (emphasis added)); *id. at* 867 (remanding "to the district court for supplemental findings on whether, under Oklahoma law, *each plaintiff* suffered severe emotional distress." (emphasis added)).  We sought this additional analysis because family members experienced the death and its aftermath from different vantage points.  For example, the decedent's wife, mother, and sister personally witnessed the unveiling of the unexpectedly bruised and lacerated body of Mr. Trentadue at the California funeral home, while other family members

were orally informed of the body's condition. *See Trentadue I*, 397 F.3d at 850. It has always been the government's position that this is a distinction with a difference. Although all plaintiffs may have suffered "severe" distress in light of the government's actions, the family members were subjected to different stresses and the severity of each plaintiff's distress therefore requires individualized evaluation.[2]

On remand, the district court failed to make specific findings regarding the severity of the emotional distress each family member suffered, and we are thus in no better position to "determine from the district court's order whether the fourth element of the tort has been met," than we were upon our first review. *Id.* at 858. We are still unable to evaluate adequately whether each family member has satisfied the fourth prong. *See United States v. Wagoner County Real Estate,* 278 F.3d 1091, 1102 (10th Cir. 2002) (remanding for more specific findings). For example, on remand, the district court stated in evaluating the fourth prong that it considered "testimony of the plaintiffs," app., vol. III at 754, and the intensity and duration of the distress under the proper legal standard–proof that each plaintiff's emotional distress was so severe no reasonable person could be expected to endure it. In doing so, however, the court did not identify these

---

[2] The district court awarded individual compensation ranging from $50,000 to $250,000. The nonuniform financial awards suggest the district court may have already determined plaintiffs suffered harms of differing severity. *See Trentadue I*, 397 F.3d at 851 n.2.

witnesses, the persuasive content of their testimony, or the characteristics of the distress that led it to conclude the fourth prong was met. We therefore remand for the court to make additional findings *specific to each individual plaintiff* to support its conclusion that their emotional distress was severe under Oklahoma law. Further specificity as to the nature and severity of the harm suffered by each individual plaintiff will satisfy both our original remand and this present mandate for additional findings.

With respect to the cross-appeal, the Family on remand sought leave to dismiss without prejudice Jesse Trentadue's collateral intentional infliction of emotional distress claim. The district court denied this request and the Family cross-appeals.

In its amended complaint, the Family alleged that government officials intentionally inflicted emotional distress on Jesse Trentadue by "knowingly attempt[ing] to indict Jesse C. Trentadue for obstruction of justice and fraud in an effort to silence him . . ." and to deter his investigation into his brother's death. App., vol. I at 255. At trial, the district court held that this issue "would be totally collateral to this litigation," and although it "certainly might be the subject of litigation by Mr. Jesse Trentadue against the government in some way, [it is] not really part of this lawsuit." App., vol. X at 3615. In *Trentadue I*, 397 F.3d at 866, we addressed the district court's decision not to consider this intentional infliction claim,

reject[ing] plaintiffs' argument that the district court erred in not allowing Jesse Trentadue to pursue his separate emotional distress claim against the government along with plaintiffs' other FTCA claims. Plaintiffs made a series of conclusory allegations that the DOJ was attempting to "indict" Jesse Trentadue for tampering with witnesses. The district court properly concluded that these allegations were collateral to the issues before the court involving Kenneth Trentadue's death and declined to make additional findings. Moreover, the plaintiffs' allegations are primarily centered around the conduct of the government's trial counsel during discovery, and are not evidence of misconduct by federal officials investigating Trentadue's death. We see no abuse of discretion by the court in limiting evidence on this issue.

On remand, Mr. Trentadue requested the district court to "dismiss[] without prejudice . . . Jesse C. Trentadue's severed claim of emotional distress based upon the United States' efforts to indict him." App., vol. II at 609. Instead, the court concluded that its "pretrial rulings on the collateral nature of Jesse Trentadue's purported claim merged into the court's final judgment in this matter and were appealable by plaintiffs," App., vol. III at 757, and that "the extensive record in this case does not support plaintiffs' contention that this claim was 'severed' to be preserved for some part of a later trial in this proceeding," *id.* at 756. Furthermore, the court found "it would not be proper" in the context of our limited remand to consider this separate claim. *Id*. at 758. Accordingly, the court denied the Family's request.

We agree with the district court on this issue. As noted above, the district court had previously stated that it did not consider Jesse Trentadue's claim alleging the government's improper attempt to indict him to be part of this

lawsuit. Mr. Trentadue was clearly on notice before his first appeal that insofar as the district court was concerned, he would have to file a separate lawsuit to raise this "collateral" claim against the government. We just as clearly affirmed that determination in *Trentadue I*, 397 F.3d at 866. Consequently, there was nothing regarding this claim left in this lawsuit for us to remand to the district court.

As the Seventh Circuit has succinctly stated, on remand a district court "may address only (1) the issues remanded, (2) issues arising for the first time on remand, or (3) issues that were timely raised before the district and/or appellate courts but which remain undecided." *United States v. Morris*, 259 F.3d 894, 898 (7th Cir. 2001). The Family's motion to dismiss was not a remanded issue and did not arise out of the present remand. The district court therefore did not abuse its discretion in denying the Family's request to file a motion to dismiss on remand. The Family had ample opportunity to seek dismissal of this issue from the district court before the first appeal.

In sum, we **REMAND** for additional findings specific to each individual plaintiff to support the district court's conclusion that the emotional distress of

each was severe under Oklahoma law, and we **AFFIRM** the court's refusal to consider further Mr. Trentadue's motion to dismiss his collateral claim.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge