NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 28, 2008
Decided March 4, 2008

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 06-3191

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee*, | District Court for the Northern |
| | District of Illinois, Eastern Division |
| *v.* | |
| | No. 03-CR-428-1 |
| DERRICK GARDNER, | |
| *Defendant-Appellant.* | Ronald A. Guzmán, |
| | *Judge.* |

**O R D E R**

For the second time, Derrick Gardner comes before this court seeking to appeal the sentence he received after a jury found him guilty of possession of a firearm by a felon. *See* 18 U.S.C. § 924(g)(1). The district court first sentenced him to 235 months' imprisonment, the lowest end of the applicable guidelines range. Gardner's appeal was pending when the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), so we issued a limited remand to determine whether the district court would have imposed a lower sentence had it known the sentencing guidelines were advisory, *United States v. Gardner*, No. 04-1826 (7th Cir. May 11, 2005). We vacated the judgment and remanded for resentencing after the court replied that it was inclined to impose a shorter term. *United States v. Gardner*, 142 Fed. App'x 926 (7th Cir. Aug. 30, 2005).

On remand Gardner's attorney moved for a continuance because Gardner had told him for the first time just before resentencing that he wanted to challenge his designation as an armed career criminal. *See* 18 U.S.C. § 924(e)(1). Gardner proposed to argue that the drug convictions comprising two of his three qualifying convictions did not carry a maximum term of imprisonment of 10 years or more, as required. *See id*. § 924(e)(2)(A)(ii). The district court reasoned, however, that this argument was beyond the scope of the remand since Gardner could have made it in his first appeal. The court thus declined to continue the hearing and sentenced Gardner to 180 months. In selecting that term the court noted that Gardner would be in his fifties when released from prison and that at that age would have an "extremely low risk" of recidivism, thus making any sentence beyond 180 months unnecessary to punish Gardner or protect the public.

Gardner wants to challenge his revised sentence, but newly appointed appellate counsel has moved to withdraw because he cannot discern a nonfrivolous issue for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Gardner opposes this request but has not added to the potential issues identified in counsel's supporting brief. *See* Cir. R. 51(b). We limit our review to those potential issues. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Gardner could argue that the district court erred by not allowing him to challenge the prior drug convictions that were essential to qualify him as an armed career criminal. Counsel correctly concludes that this argument would be frivolous because Gardner could have but did not challenge his classification as an armed career criminal in the first appeal and thus placed the issue beyond the scope of the remand. *See United States v. Swanson*, 483 F.3d 509, 514-15 (7th Cir. 2007); *United States v. Husband*, 312 F.3d 247, 250-51 (7th Cir. 2002); *United States v. Morris*, 259 F.3d 894, 898 (7th Cir. 2001) (explaining that "parties cannot use the accident of remand as an opportunity to reopen waived issues"). Even so, Gardner does qualify as an armed career criminal because in 1990 he was twice convicted of manufacturing and delivering a controlled substance, a crime that carried a maximum sentence of 10 years or more. *See* Ill. Rev. Stat., ch. 56 1/2, ¶ 1401 (1991).

Counsel also considers whether Gardner could argue that his prison sentence is unreasonable. Gardner received the statutory minimum sentence, which even after *Booker* the district court had no discretion to ignore. *See United States v. Duncan*, 479 F.3d 924, 930 (7th Cir. 2007); *United States v. Lee*, 399 F.3d 864, 866 (7th Cir. 2005). Thus this potential argument, too, is frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.