# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60228

United States Court of Appeals
Fifth Circuit

**FILED**
November 14, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

THOMAS MUHAMMAD DARWISH,

      Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:16-CR-51-1

Before HAYNES, HO, and DUNCAN, Circuit Judges.

PER CURIAM: *

Thomas Darwish was convicted of enticing a minor to engage in sexual activity under 18 U.S.C. § 2422(b). The district court sentenced Darwish and imposed two special conditions that are the subject of this appeal. First, Darwish was to "have no contact with the victim . . . or any of her family members during his period of incarceration." Second, the district court imposed a condition of supervised release prohibiting Darwish from

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60228

"possess[ing] or us[ing] a computer or other Internet connection device to access the Internet" except for pre-approved employment reasons. We affirm the imposition of the second condition. As more fully explained below, we vacate the first condition and remand for reconsideration.

## I. Background

Thomas Muhammad Darwish pleaded guilty pursuant to a plea agreement to using a facility of interstate commerce to entice a minor to engage in sexual activity. According to the factual basis, which Darwish agreed was true, Darwish met the victim on a social media website when he was twenty-four years old and the victim was fourteen years old. They engaged in an online sexual relationship; eventually met; and, "on at least one occasion," obtained a hotel room where they had sexual intercourse when the victim was fifteen years old.

As part of the plea agreement, Darwish agreed that the district court "should order, as part of the judgment and conditions of supervised release, that he shall have no contact with, and not attempt to contact, the victim or the victim's family during his incarceration or the subsequent term of supervised release." Darwish also agreed, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), to a sentence of 120 months of imprisonment, which was the mandatory minimum term of imprisonment.

At the change-of-plea hearing, the Government clarified that the no-contact condition was intended to prevent Darwish from *initiating* contact. The victim and her parents could initiate contact if they desired, though counsel for the Government noted that he thought it would be "a foolish thing for the victim or her family to have contact with Mr. Darwish."

The victim and her parents made clear that they wanted Darwish and the victim to be able to communicate. The PSR notes that the victim's mother believed prohibiting contact would be "detrimental" to her daughter and should

not be imposed.  The victim and her parents also submitted letters to the district court requesting that the district court allow contact between the victim and Darwish.

At sentencing, Darwish's counsel referenced the letters and requested that the district court not impose the no-contact condition.  The Government noted that the provision was not intended to be binding on the family and that the victim and her family could contact Darwish "if they wished."

The district court ultimately disregarded the parties' understanding of the no-contact condition, as well as the victim and her parents' wishes, concluding that the plea agreement gave the district court discretion in this regard.  It prohibited Darwish from having contact with the victim (without regard to who initiated it) at all while Darwish was incarcerated.  Darwish could, however, have contact with the victim after he was released from prison.

Darwish also objected to a condition of supervised release restricting him from using computers except in limited circumstances.  His concern was not with the restriction itself, but that because BOP "takes it as a blanket provision," he would not be allowed to use BOP's email system.

The judge responded, "Well, let me make sure I'm clear, then, because special conditions would go into effect at the point in time [Darwish] was released from prison."  Defense counsel explained that BOP viewed the conditions as also applying to inmates while they are incarcerated and that if the conditions of an inmate's supervised release include a computer restriction, BOP would apply the restriction while the inmate is in custody.  Defense counsel also explained that, because the district court would likely impose a computer restriction as a condition of supervised release, he wanted to have the prison email system issue addressed at sentencing.

The probation officer agreed that BOP would apply the same restrictions.  The Government noted that although the issue was left to the district court's

discretion, the district court could limit the scope of Darwish's access. The district court asked the parties if they knew the criteria used by BOP in determining whether to release or refuse email communications, but neither party knew BOP's criteria.

The district court overruled Darwish's objection. It imposed a special condition of supervised release that Darwish "not possess or use a computer or other Internet connection device to access the Internet except the defendant may, with prior approval of a probation officer, use a computer and Internet in connection with authorized employment." It did not include any exception or recommendation that Darwish be able to use the prison email system.

Darwish filed a timely notice of appeal challenging the no-contact condition and the computer-use restriction.

## II.    Discussion

### A. The No-Contact Condition

Darwish argues the no-contact condition exceeded the district court's authority.[1] Darwish did not make that argument below or even in his initial brief on appeal. Instead, we asked the parties to file supplemental briefs on the district court's authority to impose the no-contact condition as a part of his confinement.[2]

---

[1] The district court construed the plea agreement as delegating discretion to the district court to impose the condition as it saw fit. Neither Darwish nor the Government objected at the time of the sentence to assert that the provision was mandatory under Federal Rule of Criminal Procedure 11(c)(1)(C). Nor have they argued so on appeal. Consequently, we consider any argument that Rule 11(c)(1)(C) mandated a specific result with respect to the no-contact condition to be waived by both parties. *See United States v. Whitfield*, 590 F.3d 325, 346 (5th Cir. 2009) ("As a general rule, a party waives any argument that it fails to brief on appeal.").

[2] We have not previously addressed the standard of review that applies to challenges to a district court's authority to impose conditions of confinement as part of a sentence. We agree with the parties that it is subject to de novo review, even when the defendant fails to raise the issue. *Cf. United States v. Nagin*, 810 F.3d 348, 352 (5th Cir. 2016); *United States v. Nolen*, 472 F.3d 362, 382 (5th Cir. 2006).

We conclude, and the parties agree, that the district court did not have any statutory authority to impose the no-contact condition. District courts may sentence a defendant to a "term of imprisonment." *See* 18 U.S.C. § 3551(b)(3). After a district court sentences a defendant to a term of imprisonment, BOP is charged with implementing that portion of the sentence. *See* 18 U.S.C. § 3586 (directing implementation to be done in accordance with subchapter C of chapter 229); 18 U.S.C. § 3621 (directing that convicted defendants be "committed to the custody of the Bureau of Prisons" and restricting the Bureau's authority in specific situations). Only one provision in the relevant chapter authorizes a district court to prohibit a defendant from "associat[ing] or communicat[ing] with a specified person," and that provision is inapplicable here. *See* 18 U.S.C. § 3582(d) (authorizing district courts to prohibit those convicted of RICO or drug conspiracies from contacting certain individuals). Thus, as the parties recognize, a district court does not have statutory authority to prohibit a defendant from having contact with victims as part of his sentence of imprisonment. *See United States v. Sotelo*, 94 F.3d 1037, 1041 (7th Cir. 1996) (holding so).

Instead, the parties disagree about whether the district court had inherent authority to impose the no-contact condition. The Supreme Court has recognized that courts retain certain inherent powers that "must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). Neither we nor the Supreme Court has addressed whether district courts have inherent authority to impose no-contact conditions as part of a sentence of imprisonment. The Seventh Circuit has recognized such an inherent authority in very limited circumstances. *See United States v. Morris*, 259 F.3d 894 (7th Cir. 2001). The Ninth Circuit affirmed an order that was similar to a no-contact condition in a sentence, directing the Attorney General to stop a convicted defendant from contacting certain witnesses. *See Wheeler*

*v. United States*, 640 F.2d 1116 (9th Cir. 1981).  In both instances, those courts imposed the no-contact conditions in response to credible concerns of harassment that would interfere with the administration of justice.  *See Morris*, 259 F.3d at 900 (concluding that, given Morris was seeking a new trial, his harassing communications with the victim could interfere with her willingness to be a witness against him); *Wheeler*, 640 F.2d at 1123 (concluding that the defendant threatened to contact the witness's family and employer to provide damaging information about the witness, thus interfering with the integrity of the system).

Here, no such arguments were proffered or considered by the district court, so we take no position today on the decisions of the Seventh and Ninth Circuits.  Moreover, unlike the Seventh and Ninth Circuit cases, the district court did not impose the no-contact condition in response to concerns about interference with the administration of justice such as witness tampering.  The Government, the victim, and her parents requested that the court permit the victim to contact Darwish.  The district court made clear the no-contact condition was to allow the victim to mature prior to making the decision to engage in contact with Darwish.  Such a concern, however laudable, does not implicate protection of the administration of justice in a particular case.  We note, of course, that the district court has unquestioned authority to make a recommendation to BOP regarding Darwish's conditions of confinement.  *See United States v. Voda*, 994 F.2d 149, 151–53 (5th Cir. 1993).  All that said, the district court did not purport to invoke inherent authority and, thus, did not consider whether such authority exists and whether, if it does, these circumstances support exercise of such authority.  Consequently, we conclude it is appropriate for the district court to consider this issue in the first instance so that we will have a full record to review and consider this important issue should either party appeal after remand.

## B. The Computer-Use Restriction

Darwish also argues that the district court abused its discretion by imposing the computer-use restriction as a special condition of his supervised release without including an exception that permits him to use the prison email system.[3]  Darwish argues that the computer-use restriction involves a greater deprivation of liberty than reasonably necessary to achieve the statutory goals in 18 U.S.C. § 3553(a).

Although "[a] district court has wide discretion in imposing terms and conditions of supervised release," the district court must comply with certain statutory requirements.  *United States v. Paul*, 274 F.3d 155, 164 (5th Cir. 2001).  Pursuant to 18 U.S.C. § 3583(d), special conditions of supervised release may be imposed only if the conditions are reasonably related to the relevant factors in 18 U.S.C. § 3553, and do not "involve a greater deprivation of liberty than is reasonably necessary to achieve the . . . statutory goals" also stated in § 3553.  *Paul*, 274 F.3d at 164–65.  The relevant § 3553(a) factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); (2) the need "to afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(2)(B); (3) the need "to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2)(C); and (4) the need "to provide the defendant with needed . . . training, medical care, or other correctional treatment in the most effective manner," 18 U.S.C. § 3553(a)(2)(D).  In addition, special conditions must be "consistent with any pertinent policy statements issued by the Sentencing Commission."  18 U.S.C. § 3583(d)(3).

---

[3] This court reviews the district court's imposition of special conditions of supervised release under "a deferential abuse-of-discretion standard."  *See United States v. Rodriguez*, 558 F.3d 408, 412 (5th Cir. 2009).

Darwish concedes that the computer-use restriction is reasonably related to the nature and circumstances of the offense but contends that it involves a greater deprivation of liberty than reasonably necessary to achieve the other enumerated factors.  The sole basis for his claim is that the condition allegedly impacts his time in prison.  However, as Darwish acknowledges, a BOP policy manual "clarifies that the Warden has full discretion in determining who may use or not use [the prison email system]."  BOP policy provides that email access is a privilege, not a right.

Nothing in Darwish's brief or in the BOP policy manual reflects that BOP's discretion to grant or restrict an inmate's access to the prison email system hinges on whether there is a special condition of supervised release prohibiting or restricting the inmate from using a computer while the inmate is on supervised release.  Additionally, Darwish has not identified any precedent suggesting that an otherwise valid condition of supervised release becomes invalid because of how BOP might respond to it.  Thus, the district court's decision not to include, as a condition of supervised release, language that has no bearing on supervised release was not based "on an error of law or a clearly erroneous assessment of the evidence."  *United States v. Castillo*, 430 F.3d 230, 238 (5th Cir. 2005) (internal quotation marks omitted).  The district court did not abuse its discretion by imposing the special condition as worded.  *See id.*

### III.    Conclusion

For the foregoing reasons, we AFFIRM the computer-use restriction and VACATE the no-contact restriction and REMAND for further proceedings consistent with this opinion.

8