NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 7, 2019
Decided January 7, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

DIANE S. SYKES, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-2307

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 14-CR-00003-1 |
| MICHAEL ANGLIN, *Defendant-Appellant*. | Lynn Adelman, *Judge*. |

**O R D E R**

Michael Anglin has appealed from his resentencing, but his attorney has concluded that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). A jury convicted Anglin of Hobbs Act robbery, 18 U.S.C. § 1951, discharging a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A)(iii), conspiracy to commit robbery, 18 U.S.C. § 1951, being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), § 924(a)(2), and being a felon in possession of ammunition, 18 U.S.C. § 922(g)(1), § 924(a)(2). In his first appeal, we vacated Anglin's sentence and remanded the case for resentencing in accordance with *Dean v. United States*, 137 S. Ct.

1170 (2017). *See United States v. Anglin*, 846 F.3d 954 (7th Cir. 2017), *cert. granted, judgment vac'd by Anglin v. United States*, 138 S. Ct. 126 (2017).

Anglin contests his attorney's motion to withdraw. *See* CIR. R. 51(b). Counsel's brief outlines the nature of the case and addresses the potential issues that one might expect an appeal like this to involve. Because counsel's brief appears thorough, we limit our review to the topics she discusses, along with the issues Anglin raises in his response. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

We begin our analysis of counsel's motion with a history of Anglin's sentencing. At his original sentencing, he faced a 120-month statutory minimum sentence on his § 924(c) conviction. This was consecutive to the sentence for the other convictions, which carried an advisory Sentencing Guidelines range of 110 to 137 months' imprisonment. The judge imposed a 230-month total sentence—the 120-month minimum for the § 924(c) conviction plus a consecutive term of 110 months for the remaining offenses. Anglin appealed, contesting, among other things, various aspects of his sentence. We affirmed in large part but vacated the supervised-release conditions and remanded for the limited purpose of allowing the district judge to amend the sentence by orally pronouncing those conditions. The Supreme Court then vacated our opinion and remanded the case for further consideration in light of *Dean*. *Dean* permits district courts to consider the length of a defendant's statutory minimum term under § 924(c) when determining the sentence for the consecutive predicate offenses. 137 S. Ct. at 1178. On the Court's direction, we remanded for a full resentencing. At the resentencing, the district court clarified that in sentencing Anglin, it had considered the mandatory § 924(c) sentence, as *Dean* allows, and imposed the same sentence.

Counsel first considers, and correctly rejects as frivolous, any argument contesting Anglin's convictions. Anglin has already appealed his convictions and we affirmed them; the remands have been limited to amending Anglin's conditions of supervised release and considering whether *Dean* affects his sentence. In his response, Anglin nonetheless argues that his § 924(c) conviction is invalid because Hobbs Act robbery is not a crime of violence. But we have already addressed this issue in his first appeal—and determined that Hobbs Act robbery is a "crime of violence" within the meaning of § 924(c)(3)(A). *Anglin*, 846 F.3d at 965; *see also United States v. Williams*, 864 F.3d 826, 830 (7th Cir.), *cert. denied,* 138 S. Ct. 272 (2017). In any event, as counsel correctly recognizes, this appeal would be limited to the issues remanded, issues arising for the first time on remand, or issues that were timely raised but remain unresolved.

*United States v. Morris*, 259 F.3d 894, 898 (7th Cir. 2001). So Anglin's potential issue about the conviction would be outside the scope of this appeal.

Second, counsel rightly declines to challenge the Guidelines calculation. Anglin did not raise this issue in his first appeal nor on remand. Because this issue would also fall outside of the scope of this appeal, it would be frivolous to consider raising it. *See United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996).

Next, counsel correctly declines to argue about the substantive reasonableness of Anglin's sentence. The sentence is within (indeed, at the bottom of) the Guidelines range, so we may presume that it is reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007), and we do, *see United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). We see nothing in the record to rebut that presumption. During the *Dean* remand, in assessing the factors under 18 U.S.C. § 3553(a), the judge reasonably balanced the "heinous," "callous," and "depraved" nature of the crime and Anglin's lack of "remorse" against the evidence of Anglin's rehabilitation (his college courses and work references). The judge also exercised his discretion under *Dean* to consider, in fashioning Anglin's sentence, the 120-month statutory minimum sentence that he faced under § 924(c).

We also agree with counsel that there is nothing to contest regarding Anglin's supervised-release conditions. The district judge addressed the conditions at the resentencing hearing and defense counsel stated that counsel had no objections and affirmatively waived reading of the conditions. This waiver precludes any reasonable appellate issue. *See United States v. Lewis*, 823 F.3d 1075, 1083 (7th Cir. 2016).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.